JOSEPH SMITH, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Railroads—Negligence—Damages.*—In an action for damages against a railroad, for negligently managing its engines, so that fire was communicated to the standing grass and crops of the plaintiff, the burden of proof is upon the plaintiff, to show that the fire was caused by the negligence or want of care of the defendant. There is no legal presumption of negligence in such cases; it must be shown as a matter of fact.

2. *Practice.—Instructions*—Where, at the close of the plaintiff's case, there is no evidence proving the defendant's liability, the defendant has the right to ask the court to instruct the jury to find for the defendant. (Clark's Adm'x v. Han. & St. Jo. R.R. Co., 36 Mo. 202, No. 4.)

*Appeal from Buchanan Common Pleas.*

*Carr*, for appellant.

I. An action does not lie for a reasonable exercise of one's right, though it be to the injury of another. (Philad. & Read. R.R. Co. v. Yeiser, 2 Am. R.R. Cas. 325, and authorities there cited; s. c. 8 Barr, 366; Burroughs v. Housat. R.R. Co., 2 Am. R.R. Cas. 30; s. c. 15 Conn. 124; Rood v. N. Y. & Erie R.R. Co., 18 Barb. 80.)

The evidence adduced on behalf of the appellant shows beyond a reasonable doubt that the change of engines was manifestly for the better; that there was a great deal less danger from sparks and fire being communicated to property along the line of the road from these coal-burning engines, constructed on that plan of appellant's, than there was from the old fashioned wood-burning engines. The appellant not only had the right to make the change, but it was for the benefit of the people living and owning property along the line of the road to make the change.

II. The allegation in the respondent's petition is that the appellant was guilty of negligence. The *onus probandi* was on him to show beyond a reasonable doubt that the appellant was guilty of *negligence*. The appellant being engaged in the exercise of a lawful right, the law will not presume it was guilty of negligence in the exercise of its rights merely from the fact of the burning up of the apple-trees and fencing sued for. The respondent must prove positive negligence before a jury is authorized to find a verdict against the appellant. This the respondent utterly and totally failed to do. The court below erred, then, in not setting aside the verdict rendered in this case. (Philad. & Read. R.R. Co. v. Yeiser, 2 Am. R.R. Cas. 325 ; Burroughs v. Housat. R.R. Co., 2 Am. R.R. Cas. 30 ; Rood v. N. Y. & Erie R.R. Co., 18 Barb. 80.)

III. The respondent was guilty of *negligence* himself, in not plowing around his orchard, and particularly in not plowing along that side next to appellant's railroad, so as to prevent fire from running over his orchard. A *little* precaution on his part would have prevented his orchard from being burned. He was guilty of gross negligence in suffering dry weeds and tickle-grass to accumulate along the run of locust-trees in a windrow three or four feet high, close to the appellant's railroad, on his own land. Even if it were true that the appellant were guilty of negligence, in running its engines as alleged, the respondent was likewise guilty of negligence in the manner aforesaid, and in this case, having

contributed to his own injury, cannot recover. (Wynan v. Ulland, 5 Watts, 524; 8 Barb. 376; Penn. R.R. Co. v. Aspall, 23 Penn. 147; 14 Barb. 585; Hartfield v. Roper, 21 Wend. 615; Ang. on Carr. 335, 564–5; Smith v. Hardy, 31 Mo. 412; Reeves v. Larkin, 19 Mo. 192; Whit. Pr. 689–93; Willis v. R.R. Co., 32 Barb. 398; Cityman v. N. Y. & Harl. R.R. Co., 2 N. Y. 472; Huelsenkamp v. Citiz. R.R. Co., 34 Mo. 45.)

*Farnsworth*, for respondent.

The court properly gave the instructions one, two, three and four asked by the plaintiff, numbers one, two and four being predicated solely on the carelessness of the defendant and its agents, number three on the presumption arising from the setting fire to the plaintiff's farm by the defendant's engine.

Negligence or want of care is a question to be determined by a jury. (2 Am. R.R. Cas. 114.) The care required of plaintiff is that degree of care which may be reasonably expected from one in his situation. (2 Am. R.R. Cas. 389, 328, 336, 351, 114; 22 Mo. 374.)

HOLMES, Judge, delivered the opinion of the court.

The plaintiff produced evidence showing that in the spring of 1864 his orchard and fences had been destroyed by fire, and the amount of the damage; that a short time after a train of cars had passed on the railroad, going west, a fire was seen in the dry grass among locust-trees standing thick along the orchard, and some forty or fifty feet north of the railroad; and that a high wind blowing from the south carried the fire directly into the orchard; that, at the same time, two small boys were engaged in burning piles of cornstalks in several places to the south of the railroad and orchard, one of them within about sixty yards of the railroad; that no one actually saw how the fire originated, but a son of the plaintiff, who was plowing in a field at some distance, out of sight of the orchard, and saw the fire soon

after it began, thought it arose from sparks from the engine; and another son, a boy of twelve years of age, who was standing, at the time he first saw the fire, some two hundred yards away from the nearest pile of burning stalks, thought no sparks flew from them. Other witnesses stated that prior to 1861 engines with wire gauze bonnets, or spark catchers, on chimneys with flaring tops, were used on the road; but that since that time engines with straight-topped chimneys, without any visible bonnet, or spark arrester, had been in use, the internal construction of which they did not appear to know; but one of them thought sparks came much freer from these last. It appeared also that no fires had been set by engines before in that neighborhood.

This being substantially the state of the plaintiff's case, the defendant's counsel asked the court to instruct the jury to find for the defendant. The court declined to pass upon the instruction, unless the counsel would then submit the case to the jury. It was decided in Clark's Adm'x v. Han. & St. Jo. R.R. Co. (36 Mo. 202) that it was proper for the court to pass upon such instructions when asked at the close of the plaintiff's evidence.

On the part of the defendant, the evidence showed that prior to 1861 the company have used wood-burning engines, with wire gauze bonnets, or spark catchers, on the chimneys, but that since that year they had used instead coal-burning engines with straight chimneys, and with sub-treasuries, or spark receivers, (being an extension of twenty-one inches in the smoke box,) for the purpose of arresting sparks and cinders; that the coal burning-engines were safer against damage from sparks than the other; that they emitted no sparks unless worked hard, or the receiver was full; that the engineer could tell when the receiver was full; that to the east of this farm the grade, going west, was slightly ascending, and that nearly opposite the house and orchard it began to be strongly descending; that little steam was used in approaching the farm; that it was shut off altogether about opposite the house, and that the engines passed through the

farm with little or no steam on.   It appeared that the company were well supplied with coal, and further that there was a hedge of locust-trees along the railroad, and between the railroad and the orchard, on the edge of plaintiff's land; that a windrow of dry grass and weeds had been blown up by the wind against the locust-trees, and that stacks of hay had been known to catch fire from piles of burning cornstalks at a distance of two or three hundred yards.

` The defendant also offered to prove that the engineers employed on that division of the road were skilful and careful men, and that the builder of the engine used on this occasion was a skilful mechanic.   This evidence was excluded. We think it might properly have been admitted.

The defendant excepted to the ruling of the court allowing witnesses to give their judgment as to the value of the trees destroyed, without first stating that they knew their value.   We see no material error in this.

The main question here is nearly the same, whether considered as arising upon the instruction which was refused for the defendant at the close of the plaintiff's evidence, or upon the third instruction given for the plaintiff when the case was submitted to the jury.   The defendant's evidence tended to show that the change of engines, made in 1861, had been rather for the better than the worse, in respect of danger from sparks, and to strengthen the possibility that the fire might have been communicated from the burning cornstalks rather than from the engine.   We cannot say that there was any evidence before the jury which tended to show actual negligence on the part of the defendant, and the plaintiff was not entitled to recover, unless the proposition can be maintained, that from the mere fact that a fire was set by sparks from the engine, and damage done, "the presumption is that said fire escaped by the negligence of the defendant or its agents."   The instruction seems to propound a conclusive presumption of law in reference to the issue, and a kind of disputable presumption of fact in reference to the matter

of negligence. The question presented is, whether these facts amount to a *prima facie* case of liability on the ground of negligence.

There are no statutes in this State which declare that any such state of facts shall constitute a presumptive or *prima facie* case of liability, nor does this belong to a class of cases in which there are any special presumptions of law or fact arising out of the peculiar relations of the parties or privity of contract. Presumptions of fact are mere arguments at best, and are only such as would warrant a jury in inferring the fact of negligence from the other facts proved, in the ordinary course of reasoning, according to the natural and proper relations of things, and the common sense and experience of mankind. (1 Greenl. Ev. §§ 44, 48.) It is not apparent how, by any rational process of thinking, a jury could draw the conclusion, from the facts proved here, that the defendant has been guilty of actual negligence. The more reasonable presumption would rather seem to be that the fire had occurred by accident or mischance. On the other hand, there would seem to be like ground for a presumption equally strong that the fire had been set by sparks from the burning cornstalks, and that there had been negligence on the part of the plaintiff.

The allegation is not merely of a fire and damage by sparks from the engine, but that the whole thing was caused by the negligence of the defendant, and on this the issue is taken. The negligence is thus made to be the substance of the issue. It is the whole ground and very gist of the action, and it must be proved as laid. It is a familiar rule that the proofs must correspond to the allegations. It is not enough that a part of the facts involved in the inquiry are made to appear. The whole issue must be proved, and the burden of proof is on the plaintiff. If he failed to prove the whole issue, he comes short of making out a *prima facie* case, and the jury should be instructed to find for the defendant.

Negligence, in itself, is a matter of fact, and where it is involved in the issue, and there is any evidence tending to

prove it, it is always a question of fact for the jury to decide. Of course, where the statute creates a liability, independent of negligence, as for killing cattle where no fences had been built, the matter of negligence, when these facts are shown, is made a conclusive presumption of law by force of the statute, and it is not involved in the issue in such cases. (Gorman v. Pacific R.R., 26 Mo. 441.) So when the statute makes the fact of a fire and damage by sparks from a railroad engine a *prima facie* case of liability without more, the burden of proof is thrown wholly upon the defendant, to show, as a matter of defence, that there was no such negligence on his part as would make him liable, and in such case it is not involved in the affirmative of the issue. (Balt. & Susq. R.R. v. Woodruff, 41 Md. 242; Chapman v. Atl. & St. Law. R.R. Co., 37 Me. 92.) In cases of carriers of goods, the question of negligence is disposed of as a presumption of law, conclusive or disputable by the general law of carriers, resting on the peculiar relations of the parties and the privity of contract; but in the case of a carrier without hire, there is no such presumption, and the burden of proof is on the plaintiff to show negligence. (Ang. on Carr. § 61.) Carriers of passengers, again, though not insurers, and not subject to the same presumptions of law as carriers of goods, are still held responsible for the utmost degree of care and diligence, and are liable for the slightest neglect, depending on the peculiar relation of the parties and privity of contract; and, accordingly, it is the established rule in such cases that when an injury results to a passenger from the breaking of carriages or cars, or from defective machinery, the mere fact of an accident and injury from such cause is held to be presumptive evidence of negligence; that is, the jury may infer from these facts that slight degree of negligence which makes the defendant liable. (Ware v. Gay, 11 Pick. 106; Sto. Bail. § 601.) But even in that class of cases, if the plaintiff's evidence shows that the accident was the result of internal defects not discernible, or deficiencies unavoidable by the exercise of the utmost care and diligence, it fails to furnish

any proof whatever of negligence, and there is no presumption of law or fact concerning it; it is a misfortune which the sufferer must bear; and without more the jury would be instructed to find for the defendant. (Ingalls v. Bills, 9 Metc. 1; 2 Greenl. Ev. § 222.)

But in all that class of cases where no statute interferes, and no peculiar relation or privity of contract exists, and the parties stand in the position of strangers, with only those rights and mutual obligations which belong to all neighbors and persons alike, in the use and enjoyment of their own property, and in the conduct of their own lawful business, and negligence is the ground of action, the burden of proof is always on the plaintiff; the fact of negligence must be proved, and there is no such thing as a presumption of negligence as a matter of law without proof of the fact, and no other presumption of fact than such as belongs to the proper force and the rational weight of the evidence, of which, when there is any, the jury is to judge, under the instructions of the court. This rule was applied in the case of Schultz v. Pacific R.R., 36 Mo. 13.

There does not appear to be any well grounded difference in the principles and rules applicable to these particular cases of accident and damage by sparks from railroad engines. Reasonable care, skill, diligence and foresight only are required; that is, such as might be expected of careful, skilful and prudent men in like situations and circumstances; and the same is required of both parties alike. The old maxim, "*Sic utere tuo*," *etc.*, applies equally to both; and they are alike responsible for ordinary negligence or want of reasonable care, skill and prudence. (Vaughn v. Menlave, 4 Scott, 244; Beers v. Housat. R.R. Co., 19 Conn! 566; Balt. & Susq. R.R. Co. v. Woodruff, 4 Md. 242.) There are not only different degrees of negligence in different classes of cases, but it is always in some measure relative to the nature of the facts and circumstances in each particular case. (Philad. & Read. R.R. Co. v. Spearen, 47 Penn. 300.) But here, as in all other cases of this kind, negligence is the

ground and gist of the action, is of the substance of the issue, is a question of fact for the jury, and must be proved, and the burden of proof is always on the plaintiff.    (Batchelden v. Hoagan, 18 Me. 32 ; Rood v. N. Y. & Erie R.R. Co., 18 Barb. 80 ; Hinds v. Barton, 25 N. Y. 544.)    And it is not to be presumed or inferred from the bare fact of a fire set by sparks from the engine, and a damage done to the plaintiff, nor from any other facts which do not of themselves necessarily import and show actual negligence.    (Philad. & Read. R.R. Co. v. Yeiser, 8 Barr, 366 ; Burroughs v. Housat. R.R. Co., 15 Conn. 124 ; Rood v. N. Y. & Erie R.R. Co., 18 Barb. 80 ; Hurgett v. Philad. & Read. R.R. Co., 23 Penn. 373 ; Maule v. Wilson, 2 Harr. 443 ; Macon & H. R.R. Co. v. McConnell, 27 Ga. 481 ; Sheldon v. Hud. Riv. R.R. Co., 29 Barb. 227 ; s. c., 14 N. Y. 218 ; Herring v. Wilm. & Ral. R.R. Co., 10 Ired. 402.)

The defendant is not liable for mere accident or mischance, nor unless it can be also shown that there was actual negligence which caused or produced the accident and damage. Without the aid of sheer conjecture, or some presumption of law or fact, beyond what the facts proved rationally imported, it is not easy to see how the jury could infer either that the defendant had been guilty of negligence, or that the fire was set by sparks from the engine, rather than from the burning cornstalks.    The jury is not to jump at a conclusion without proofs.    It has been well asserted that if a liability were to be inferred from the mere fact of a fire and damage, it would make railroad companies insurers against all fires occurring along the road, from whatever cause ; and if the same thing were to be presumed from the bare fact of a fire set by sparks from an engine, that would make them liable even for the slightest omission or neglect, or for mere accident or misadventure arising from the act of God, the operation of natural causes, or other circumstances beyond their control, or for the legitimate exercise of their own lawful rights and powers, and for damages within the principle of *damnum absque injuria*.    The plaintiff must make out affirmatively a *prima facie* case of liability.

It seems to be supposed that a different rule prevails in England, which is rather to be preferred on the score of justice and good policy. (Redf. Railw. 357.) Upon examination of the authorities referred to, we do not find any satisfactory ground for this distinction. In Aldridge v. Great Western R.R. Co., (3 Man. & Gr. 515,) the court merely refused to nonsuit the plaintiff on the case made, and it was distinctly intimated that negligence was no more to be presumed from the mere fact of a fire set by sparks, than from the fact that a rick of beans was placed near the railroad, and that "to enable the plaintiff to recover he must show some carelessness, or lay facts before the jury from which it may be inferred." In other cases there was strong proof of actual negligence, as in overtasking the engine and running it without any kind of spark arresters, though such inventions were then in use; (Piggott v. Eastern Counties R.R. Co., 3 Man., Gr. & S. [C. B.] 229; Hammon v. Southeastern R.R. Co., Maidst. Assiz. 1845; Walf. Railw. 182 n. *e.*) or in running engines which cast forth sparks in a dangerous manner, where the embankment of the railroad was covered with inflamable grasses, weeds and peat, without having taken any steps, on previous notice of the danger, to clear the combustible material from their track; (Vaughn v. Taff. Vale R.R. Co., 3 Hurl. & Nor. 742;) and these cases were not inaptly likened to the old cases of a man riding an unruly horse into Lincoln's Inn Fields, (1 Vent. 295,) or suffering a mad bull, (1 Lutw. 36,) or a biting dog, (2 Str. 1264,) or "a thing intrinsically dangerous" to go at large, with a *scienter*. But it cannot be fairly maintained or assumed that all railroad engines are of that character, or that any particular one is to be brought within that category, without evidence clearly showing the fact to be so, or that there was actual negligence in the manner and under the circumstances in which it was employed on that particular occasion.

In Bass v. Chicago, Burl. & Quincy R.R. Co., (28 Ills. 9,) a demurrer was overruled to a declaration charging that the

acts complained of had been carelessly and negligently done, and stating a very strong case of actual negligence on the part of the defendant; and the opinion of the court, while conceding the result of the American authorities, supposes that a more stringent rule prevails in England, and one which was thought to be more in accordance with justice and the policy indicated by the statutes of some States. However this may be, until the Legislature sees fit to change the law on the subject, we must be guided by the established principles governing the case.

In Ellis v. Portsm. & R. R.R. Co., (2 Iredell, 138,) the court below had charged the jury that if they believed the plaintiff's fences were burned by fire from the engines, the defendant was liable; but on appeal, Gaston, J., expressly declared that the gravamen of the complaint was that the damage was caused by the negligence of the defendant, and that the court did not sanction the doctrine laid down in the charge; but it was held that when the plaintiff shows damage resulting from an act, which, "with the exertion of proper care, does not ordinarily produce damage, he makes a *prima facie* case of negligence." This case, like that of Hull v. Sacr. Val. R.R. Co., (14 Cal. 387,) in which there was evidence showing that the result was not probable from the ordinary working of the engine, may be said to go to the extreme verge of the law in sustaining a verdict on the ground that there was some evidence to support it; but they do not justify the proposition that negligence is ever to be presumed in these cases as a matter of law, nor as a matter of fact, without some evidence from which the fact of actual negligence, causing the damage, might rationally be inferred.

It is not always an easy thing to determine what amounts to some evidence, and what to no evidence, sufficient in law to make a *prima facie* case on the issue; but we are inclined to the opinion that the evidence here failed to cover the whole issue, and that there was no evidence before the jury from which they could reasonably be warranted in finding a

verdict for the plaintiff; and accordingly the instruction asked by the defendant, at the close of the plaintiff's evidence, should have been given; and the third instruction given for the plaintiff was erroneous, both as not being warranted by the facts assumed in it, and as in effect taking the question of negligence, as a matter of fact, wholly away from the jury.

Of the instructions refused for the defendant, the fifth was objectionable in not leaving to the judgment of the jury the question whether there was any negligence in changing the kind of engines used on the road, as well as the general question of negligence on the whole issue. The seventh was open to a similar objection. The sixth should have been given. The eighth was rightly refused; but an instruction might properly have been given to the effect, that if there was negligence on the part of the plaintiff, which caused or contributed to produce the fire and damage, the jury ought to find for the defendant. But in this we would not be understood as saying that the plaintiff could be charged with negligence in not keeping down the grass in his orchard; but if he negligently allowed dry grass and weeds to be accumulated by the wind against the trees along the orchard on his own land, and near the railroad, it might be left to the jury to say whether there was any negligence which materially contributed to cause the damage.

The judgment will be reversed and the cause remanded. The other judges concur.