THE WHITE WATER VALLEY RAILROAD COMPANY v. QUICK.

RAILROADS.—*Injury to Animals.*—*Pleading.*—*Justice of the Peace.*--Complaint before a justice of the peace against a railroad company, averring that "a locomotive owned and used by the said defendant on its railroad in the county of Franklin and State of Indiana, on, &c., struck, ran against and over, and killed, one hog of the plaintiff;" and that at the time and place of the killing the road was not fenced.

*Held,* that by the liberality of construction which pleadings before a justice of the peace should receive, this sufficiently showed that the animal was killed in Franklin county, and that the defendant committed the injury.

*Held,* also, that an allegation that the road could properly have been fenced at the place of the killing would have been wholly unnecessary.

SAME.— *Where Required to Fence.*—A railroad company is bound to fence at a place where its road is situated on the tow-path of a canal abandoned as a thoroughfare.

APPEAL from the Franklin Common Pleas.

FRAZER, J.—This was a suit against the appellant, to recover the value of a hog of the appellee, killed by the appellant's cars, its railroad not being fenced. The case originated before a justice of the peace, and though there is only twenty-five dollars involved, the case is lawfully here.

The complaint alleged, that "a locomotive owned and used by the said defendant, on its railroad, in the county of Franklin and State of Indiana, on, &c., struck, ran against and over, and killed, one hog of the plaintiff," and that at the time and place of killing the road was not fenced. It is argued that this does not show that the animal was killed in Franklin county, or that the appellant committed the injury. We think that by such liberality of construction as pleadings before justices of the peace should receive, the complaint is sufficient in these particulars. It is also urged that the complaint should have averred that the road could properly have been fenced at that place; but we think that such an allegation would have been wholly unnecessary. Affirmative matter of defense comes from the defendant, and need not, and indeed should not, be anticipated by the complaint.

The evidence disclosed that at the place where the hog was killed the railroad was situated on the old tow-path of the White Water Valley Canal, on the south side of the canal, and that there was no fence on the north side of the railroad. The evidence did not expressly disclose whether the canal was in use for any purpose or not. It might have been inferred from the evidence that as a thoroughfare it

was abandoned—as is notorious. Railroads are not apt to occupy the tow-paths of canals in use as such. Then, was the appellant bound to fence at that place? We think so. The argument that the canal is a highway, and could not be lawfully obstructed by a fence, would do well enough in a proper case. But abandoned works of that character are probably not meant to be protected as highways. The verdict was right.

The judgment is affirmed, with ten per cent. damages and costs.

*G. Holland* and *C. C. Binkley,* for appellant.

*H. C. Hanna, F. S. Swift,* and *W. G. Quick,* for appellee.