WILLIAM FITCH, Plaintiff in Error, *v.* The PACIFIC RAILROAD COMPANY, Defendant in Error.

1. *Railroads — Damages — Burning fences, etc. — Negligence may be inferred, when — Contributory negligence will not excuse defendant, when.* — In an action against a railroad company for setting fire to plaintiff's fences, corn fields, etc., by sparks from its locomotive, *held* as follows :

First. The jury, in order to charge the company, must find affirmatively that the fire escaped from the smoke-stack through the negligence of its agents or servants. But when it is found that fire has been scattered by the engine along its track, with no explanation of the cause, the jury is warranted in inferring some negligence in the company. To rebut that inference, defendant should show that the best machinery and contrivances were used in the particular case at bar to prevent the fire, and that competent servants were employed.

Second. If the conduct of defendant's agents was the immediate and direct cause of the injury, and if, with the exercise of prudence and the use of proper appliances on their part, the result might have been prevented, the defendant would not be excused, even though the proof showed some remote negligence in the plaintiff, as that he carelessly left grass in the fence corners adjacent to the road, whereby the fire was kindled. Such carelessness was not the proximate cause of the loss, and was not such contributory negligence as would excuse defendant.

### *Error to First District Court.*

*Elliot & Blodgett*, for plaintiff in error.

The plaintiff having shown that the fire originated from sparks escaping from defendant's engine, the burden of proof was on the defendant to show that the engine from which the sparks escaped was, at the time, equipped with the most improved mechanical contrivances employed to prevent the escape of fire. (Ill. Cent. R.R. v. Mills, 42 Ill. 410 ; McClelland v. Ill. Cent. R.R., 42 Ill. 354. See also opinion of Illinois Supreme Court in case of O. & M. R.R. Co. v. Shanafelt, not yet published.)

*Crittenden*, and *Cockrill*, for defendant in error.

I. If plaintiff, by permitting inflammable matter to grow and remain on his premises adjacent to those of defendant in error, contributed to his loss, he can not recover. It is enough to defeat him if the injury might have been avoided by the exercise of ordinary care upon his part. (Wild v. Hudson River R.R. Co.,

24 N. Y. 430 ; Johnson v. Hudson River R.R. Co., 20 N. Y. 65–73 ; Button v. same, 18 N. Y. 248 ; Munger v. Tonawanda R.R. Co., 37 Barb. 516 ; Mangum v. Brooklyn R.R. Co., 36 Barb. 230 ; 33 Barb. 429. See also 32 Barb. 657, 398 ; 31 Barb. 419 ; 27 Barb. 221 ; 14 Barb. 585, 364 ; 13 Barb. 493 ; 8 Barb. 368 ; 21 Wend. 188 ; Owen v. Hudson River R.R. Co., 2 Bosw. 374 ; 10 Bosw. 216 ; Clark v. Kiowan, 4 E. D. Smith, 21 ; Wetherby v. Regent's Canal Co., 12 C. B., N. S., 2 ; Tuff v. Warman, 5 C. B. 573 ; 15 Ill. 585 ; 16 Ill. 300 ; 42 Ill. 288 ; 2 Ill. 748 ; Walton v. London & Brighton R.R. Co., 1 Harr. & Ruth. 424 ; 10 Mich. 193 ; 31 Mo. 375 ; 42 N. H. 197 ; 51 Penn. 240 ; 24 Penn. 465 ; 1 Verm. 353 ; 8 Verm. 264 ; Cleveland, Columbus & Cincinnati R.R. Co. v. Terry, 8 Ohio St. 570 ; 15 Ind. 587 ; Shearm. & Redf. Neg. §§ 25, 32 and cases cited ; opinion of Judge Gould in the case of Wild v. Hudson River R.R. Co., 24 N. Y. 430, and the O. & M. R.R. Co. v. Shanafelt, — Ill. —.) The degree of the defendant's negligence is immaterial in determining questions of contributory negligence. (Catawissa R.R. Co. v. Armstrong, 49 Penn. 186 ; 23 Conn. 437 ; 24 N. Y. 430.) In 24 Verm. 487–496, it was decided that in cases of mutual neglect, where it is of the same character and degree, no action can be sustained. (18 Mo. 365 ; 36 Mo. 351 ; 19 Mo. 192 ; 31 Mo. 412 ; 1 Redf. on Railw. 330, § 150.)

II. Plaintiff has shown no diligence in protecting his property against the obvious dangers of fire unavoidably issuing from the locomotives of defendant whilst it was engaged in a lawful business. The injured person must have used care proportioned to the danger to be avoided. (Mackey v. N. Y. Cent. R.R. Co., 27 Barb. 528–542 ; 20 N. Y. 492 ; 8 Barb. 368 ; Shearm. & Redf. Neg. 34, § 34 ; 30 Penn. St. 454 ; 36 Mo. 487 ; 17 Barb. 94 ; 6 Cush. 292 ; Shearm. & Redf. Neg. § 5.)

III. Plaintiff having charged in his petition that the burning of the corn and fencing was negligently done by the defendant, it must be shown affirmatively as a matter of fact—not one of presumption. (1 Allen, Mass., 187 ; 37 Md. 287 ; 20 N. Y. 65 ; 62 Barb. 165 ; 2 Am. R.R. Cases, 325–30 ; 44 Ill. 460 ; 18 Barb. 80.

BLISS, Judge, delivered the opinion of the court.

The plaintiff charges defendant with negligently and carelessly, and for want of due care and prudence in running its locomotives and cars, setting fire to and burning up his fences and corn fields, etc. Defendant joined issue, and judgment was recovered by the plaintiff in the Johnson Court of Common Pleas, which was reversed in the District Court.

At the trial, the plaintiff gave evidence tending to prove that the fires were kindled by sparks from the smoke-stacks of defendant's engine; that an unusual amount of smoke and sparks were emitted at the time; that the fire caught near the railroad track, in the dry grass, and also in the plaintiff's contiguous inclosure, and ran through his field and burned up his fences; that one of defendant's engines which ran that season upon this road was without the usual and suitable screens upon the smoke-stack to prevent the escape of fire, and that fire had frequently caught near the track from that engine; but it did not affirmatively appear that the fire was kindled by that engine, or that it was running at the time. The defendant gave evidence tending to prove that the company used the best machinery and contrivance to prevent the escape of sparks; that its engines always left the stations in good condition; that the fissures in the fire screens were about one-eighth of an inch in width; that the small sparks that could escape through these are not dangerous, and could not fire the grass; and that the engineers employed were competent and careful. Evidence was also given tending to show that both in the plaintiff's field near the railroad, and also inside of the railroad fence, there was dead grass, which was easily ignited. The court gave to the jury all the instructions requested by defendant's counsel, and also gave several instructions asked by the plaintiff, to which exceptions were taken.

It is unnecessary to comment in detail upon all these instructions, as the points raised and relied upon by defendant's counsel can be more briefly considered. The defendant denies, first, that negligence was proved, and claims that if the fire was kindled by its engine, as charged, still inasmuch as the dry grass was per-

mitted by the plaintiff to remain in his field and fence corners, which became food for the fire and contributed to the damage, it was such contributory negligence as should exonerate it from liability.    It can not claim absolute misdirection in charging the jury on this point, for its positions were all given them in general terms, as the law of the case; but it does claim that the instructions given on behalf of plaintiff were not sufficiently qualified by directing attention to the true doctrine.    The jury could hardly have been deceived as to the views of the court upon the subject, nor would the facts in this case have warranted a finding for defendant upon this ground alone.

There have been by no means such clearness and precision, or even uniformity, in the multitude of decisions upon this subject, in our sister States, as to leave the matter free from doubt. All agree that the plaintiff's fault must proximately contribute to the injury in order to constitute any ground of defense, but the precise meaning attached to the term is not always made clear. (See cases cited in Shearm. & Redf. on Negligence, §§ 33–5, pp. 382–3.)

The relation to the injury is not one of time or space, and it is not easy to give such perfect definitions as shall apply to all cases.    Yet, as injuries from mutual negligence arise, it is seldom difficult to fix upon the proximate cause.    The natural reason— our judicial instincts—seize at once upon it and separate it from those more remote, although the injury could never have been inflicted without the latter.

Light may be thrown upon the question by applying the old distinction between causes and instruments, making the remote causes but the instruments, in the scholastic sense, through which the direct causes could operate.    And no better illustration of this distinction can be given than the case at bar.    The plaintiff's fences and corn were destroyed by the fire kindled by defendant's engine.    Assuming that the kindling of this fire was the result of defendant's negligence, that negligence was the proximate cause of the destruction.    But the fire, it is assumed, would not have destroyed the plaintiff's property had he kept his fields and fence corners thoroughly free from dried grass and herbage.

This fuel, then, thus in part furnished by the plaintiff, was the remote cause — the instrument through which the defendant's negligence was enabled to do the mischief.

The modern decisions in our own State have contributed to remove the ambiguity. Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 537, is the leading case, and in it the authorities are reviewed, and the kind of contributory negligence that will excuse a defendant is defined as applied to passenger carriers (see p. 549). The more recent case of Morrissey v. The Wiggins Ferry Co., 43 Mo. 480, affirms the former decision and restates the rule to be "that the carrier shall be guilty of some negligence, which mediately or immediately produced or enhanced the injury, and that passengers should not have been guilty of any carelessness and imprudence which directly contributed to the injury, since no one can recover for an injury of which his own negligence was, in whole or in part, the proximate cause; and that, although the plaintiff's misconduct may have contributed remotely to the injury, if the defendant's misconduct was the immediate cause of it, and, with the exercise of prudence, he might have prevented it, he is not excused." We have only to apply the rule to cases like the one at bar, so far as their different character will permit.

Firstly, the jury, in order to charge the defendant, must find affirmatively that the fire escaped from the smoke-stacks of its engines, through the negligence of its agents or servants. (Smith v. Hann. & St. Jo. R.R. Co., 37 Mo. 287.) The burning, the damage, the escape of the fire, and the negligence, are all facts to be charged and proved. But they must be proved, like all other facts, by such evidence as shall satisfy a reasonable mind of their existence. It is sometimes said that negligence is presumed from the escape of the fire. (Ill. Cent. R.R. Co. v. Wells, 42 Ill. 407.) But, while this can hardly be called a presumption, as the term is generally used, it may be a fair and reasonable inference. The language of Judge Holmes, in Smith v. Hann. & St. Jo. R.R. Co., 295, is very strong, and liable to misconstruction unless compared with the case and the rest of the opinion. If the plaintiff were required to prove affirmatively and specifically the condition of the particular smoke-stack from

which the fire escaped—if he were bound to show the specific negligence that permitted its escape—it would be equivalent to denying him relief altogether. The farmer, along whose fields the train flies, from the nature of the case, can know nothing about these things. He can not know the engine, nor can he tell the contrivances needed, used, or neglected. All that he can in most cases show is that the fire escaped and destroyed his property. It is an inference of reason that fire should not so escape. When as dangerous, as well as useful, an instrument of locomotion as a steam locomotive is used, its managers are bound to a care and precaution commensurate with the danger. They have a right to use the instrument, but have no right to scatter fire along their track; and when it is found that this is done, with no explanation of the cause, the jury is warranted in inferring that there has been some neglect. To rebut that reasonable inference, the defendant should show that the best machinery and contrivance were used to prevent such a result, and that careful and competent servants were employed. (Vaughn v. Taffvale R.R. Co., 3 Hurlst. & N. 743 ; same case on review in 5 Hurlst. & N. 679 ; Freemantle v. London & N. W. Railw. Co., 10 C. B., N. S., 89.)

Secondly, as to contributory negligence, if the plaintiff was guilty of some act or negligence that directly or immediately caused the result, he can not recover, notwithstanding the neglect of defendant. But if the plaintiff's neglect was slight or remote, and if the conduct of defendant's agents was the immediate and direct cause of the injury, and if, with the exercise of prudence and the use of proper appliances on their part, the result might have been prevented, the defendant is not excused.

In our view of both these propositions, the instructions were sufficiently full, and the verdict is warranted by the evidence. As to the negligence of defendant, the plaintiff made more than a *prima facie* case ; for he not only proved the unusual escape of fire, but he also proved that an imperfect engine was used on the road, although it was impossible for him to show that it was the one that set the fire. On the other hand, the defendant, whose servants had charge of the engine, proved nothing in-

regard to this particular one that set the fire, but did show general good management in regard to the smoke-stacks, which might be true and consistent with negligence in a specific instance. As to the fact of contributory negligence, the evidence shows that the grass along the fence separating the plaintiff's farm from defendant's road was left in its natural condition, and of course some combustible material accumulated in consequence. It is claimed that because of this accumulation the fire was fed and made sufficiently strong to do the injury complained of; that thus the plaintiff contributed to it, and, consequently, can not recover.

But the neglect charged can not be called the cause of the loss. The words "directly and immediately" are not used to denote time in the chain of the causation, but rather efficiency. An idea of necessity is always involved in the relation of cause and effect. Both parties carelessly left upon the ground the materials for the fire; but it was the fire, and not the materials, that burned the fences. There is a necessary connection between kindling the fire and the combustion; we can not help associating them as cause and effect; but we can not logically call the accumulation of grass the cause. I have spoken of it as the instrument; it might be styled the remote cause; it certainly was not the efficient moving cause, or rather *the* cause. The careless leaving of the dead grass upon the ground was not, then, the proximate cause of the loss, and was not such contributory negligence as will excuse that of defendant.

Had the charge been that by accident, and without negligence, fire was kindled in the dry grass along defendant's road, and in consequence of negligence in not removing the grass, and in suffering such combustible material to accumulate, the fire spread and ran into plaintiff's inclosure, burned his fence, etc., it would then, I conceive, be competent for defendant to show that the plaintiff had also suffered a similar accumulation, and that without it he would have suffered no injury. Both causes were equally remote, and the proximate cause was an accident. We are referred by defendant's counsel to a newspaper report of a decision of the Supreme Court of Illinois in Ohio & Mississippi Railway Co. v.

Shanafelt, not yet published, but it goes no further than this: no negligence was charged or attempted to be proved against the company in setting the fire—only in not removing the grass. The parties were equally negligent, and in the same matter precisely, and one could not with a good face charge the other with a specific neglect of which he was also guilty. But the case at bar is entirely different. Without saying that any negligence in relation to the grass was in fact established, the jury might without error have been told, as they were not, that the fact that the natural growth of the year previous had not been removed was no excuse for setting it on fire. The wrongful act of kindling the fire is the proximate cause of the injury, and not the neglect of cleaning up the fence corners, of which, unfortunately, most of our farmers are guilty.

The defendant has no reason to complain of the instruction in this regard, and the judgment of the District Court, reversing that obtained by the plaintiff below, is reversed. The other judges concur.