JOHN E. BEDFORD, Appellant, *v.* HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Respondent.

1. *Corporations — Railroad companies — Negligence, what prima facie case of.*—The fact that the fire which caused the damage sued for was set by a railroad engine would be *prima facie* evidence of negligence by those who ran it, or who provided the engine with its contrivances, and would throw the burden of exonerating them upon the company.

## *Appeal from Fifth District Court.*

The first instruction given by the trial court on its own motion, and commented upon in the opinion of this court, was as follows:

"It is the duty of every man to so use his own property as not to cause injury to that belonging to his neighbors; and the fact of fire escaping from the engine of a railroad company and communicating to the property of others, is a fact to be considered by the jury in determining the question of negligence on the part of defendant; and if the jury believe from the evidence that the defendant, its officers or agents or employees, permitted fire to escape from the engines of the defendant, and that it communicated to and consumed the property of the plaintiff, as alleged in the first count in the petition, they will find for the plaintiff on said count."

Instructions 5 and 6 asked by defendant and refused, also referred to below in the opinion of the court, were as follows:

5. "Before the jury can find for the plaintiff they must find that the fire was set by the carelessness and negligence of defendant, its agents or employees, and also that the plaintiff did no act that assisted in bringing about the act complained of, but that said injury was the sole act of defendant, caused by the carelessness and negligence of the defendant's agents or employees; otherwise the jury will find for the defendant on the first two counts of the plaintiff's petition."

6. "If the jury believe from the evidence that the plaintiff contributed in any way to the damage complained of, he can not recover from the defendant anything."

*McCandless & Henry*, for appellant.

I. The question of negligence is one of fact, to be submitted to the jury under all the circumstances in the case (Kennedy v. North Mo. R.R. Co., 36 Mo. 351), and especially in such issues the appellate court will not disturb a verdict as against the evidence. (30 Mo. 262, 498; 15 Mo. 193; 29 Mo. 456; 28 Mo. 248, 593; 33 Mo. 260, 565; 36 Mo. 338; 37 Mo. 343.)

II. There was evidence sufficient to warrant the jury in finding negligence on the first two counts. (Fitch v. Pacific R.R., 45 Mo. 522; 36 Mo. 338; 1 Redf. Railw. 454; 2 Ired. 138; Hull v. Sacramento Valley R.R. Co., 14 Cal. 387; Bass v. C. B. & Q. R.R. Co., 28 Ill. 9.)

III. The evidence satisfactorily showed that the damage complained of was caused by fire escaping from the engines on respondent's road, which alone, according to the English doctrine, makes a *prima facie* case of negligence; and the courts of this State should enforce this rule. (Gen. Stat. 1865, ch. 138, § 1, which adopts the common law of England; see also Le Baun v. Le Baun, 2 Am. Law Reg., N. S., 212.)

*Hall, Wright & Oliver*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The petition contains three counts: one for setting fire to the grass by the side of defendant's railroad, by means of their running engine, and thereby burning several wheat-stacks belonging to plaintiff; one for setting fire in the same way, at another time, and burning his oats shocked in the field; and one for running over and killing his hog, their road not being fenced. The only controversy arises upon the first two counts. The case was submitted, under instructions, to a jury, who gave a verdict for the plaintiff upon each count, upon which judgment was rendered; and we have only to consider whether the instructions were correct. The plaintiff asked ten instructions upon these counts, of which four were given and the rest refused. The first instruction given is as follows:

2. " The defendant in this case was bound to a degree of care and diligence in proportion to the degree of damages and the probable extent of injury to the property of others in case of negligence; and if the jury believe from the evidence that the defendant, its agents or employees, failed to exercise that degree of care and caution they ought to have done under the circumstances, in consequence of which fire escaped from the engine of the train in their use, and communicated to and burned the property of the plaintiff, as alleged in the first count in his petition, then they will find for the plaintiff."

The second instruction given is the same applied to the second count.

The third instruction given requires caution and circumspection in the selection of mechanical contrivances and in watching and controlling the same, and if the agents, etc., of the company failed to use such caution, etc., and fire thereby escaped and burned plaintiff's property, the defendant is liable.

It is difficult to see what objection there could be to these instructions. I am not aware that anything contrary to them has ever been held by any court; but, on the other hand, the courts have gone much further and held that the fact that the fire is set by a railroad engine is *prima facie* evidence of negligence by those who run it or who provide the engine with its contrivances, and throws the burden of exonerating them upon the railroad company. The subject was considered in Fitch v. The Pacific R.R. Co., 45 Mo. 322, where this doctrine was recognized.

The defendant asked for nine instructions, of which the court refused Nos. 1, 2, 5, 6, 8, and 9, and gave the rest. Nos. 1 and 8 assumed that no case had been made, and took it from the jury, which, under the evidence, the court had no right to do. Nos. 2 and 9 required proof of " actual negligence," which can not be inferred; while the court, in the fourth instruction given, had told the jury that in arriving at the fact of negligence or carelessness they must take into consideration all the circumstances of the case as detailed in the evidence. If the instructions refused meant the same thing as those already given, they were unnecessary, and it is no error to refuse them. But they

Bedford v. Hannibal and St. Joseph Railroad Co.

were rejected because they did not contain a full statement of the point, and were abundantly supplied by those already given at the instance of the plaintiff, and afterward by the court on its own motion. Nos. 5 and 6 contained a defective statement of the law of contributory negligence, and were properly refused. This subject, as applied to cases of this kind, was also considered in Fitch v. Pacific R.R. Co., *supra.*

The court, upon its own motion, gave nine instructions, the first of which, taken alone, would have been erroneous, inasmuch as it seems to infer liability from the fact alone that fire escaped from the engines, and it is of this that counsel specially complain. But, in addition to what had been already held, the court, in its other instructions, and especially in Nos. 6, 7, and 9, expressly required that negligence should be affirmatively found, and went as far as seems to have been demanded by the language of the court in Smith v. Hann. & St. Jo. R.R. Co., 37 Mo. 287, which rather over than under stated the requirement.

We see nothing in this record to warrant the interference of an appellate court, and the judgment of the District Court, reversing that of the Circuit Court, is reversed. The other judges concur.