———o———

JOHN CLEMENS, Appellant, vs. THE HANNIBAL AND ST. JOSEPH R. R. Co., Respondent.

1. *Damages—Railroads, negligence of—Fire kindled from locomotive, presumption—Speculative damages.*—Where grass is set burning by fire escaping from a locomotive, and the owner sues the company, negligence on the part of defendant will be presumed from the escape of the fire, and it devolves upon it, in order to rebut this presumption, to show that proper and safe locomotives and engines were used, and were conducted by the servants of the company in a proper and safe way. In such case the damages claimed would not be held too remote or speculative, although the property consumed was separated from the track by a strip of ground forty or fifty yards wide, where the plat was covered with dry grass and other combustible matter.

2. *Damages, remote or proximate—Issue as to, how disposed of—Instructions.*— Where doubt arises as to whether damages are proximate, or speculative and remote, the issue should be presented to the jury by proper instructions.

*Appeal from Linn Court of Common Pleas.*

*S. P. Huston,* for Appellant.

I. The negligence of the respondent was sufficiently shown to make at least a *prima facie* case. —(Shearm. and Redf. on Neg., 396, § 333; Redf. Railroad., 465; 42 Ill., 407; 45 Mo., 322; 46 Mo., 456.)

II. The damages are not too remote. (Shearm. and Redf., Neg., 667, 669, §§ 594, 596; Sedgw. Meas. of Dam., Marg., pp. 58 and 59; Sharp vs. Powell, 2 Eng., 537; Kellogg vs.

R. R. Co., 26 Wis., 225 ; 53 Ill., 451 ; Fent vs. Toledo R. R. Co., Ill. Sup. Ct., June 28th, 1872 ; Flynn vs. The San Francisco R. R. Co., 6 Am. R., 595 ; 53 Ill., 451.)

*James Carr*, for Respondent.

I. The appellant is not entitled to recover without showing negligence. This he totally failed to do. (Smith vs. Han. & St. Jo. R. R. Co., 37 Mo., 287.)

II. The damages are too remote. (Penn. R. R. vs. Kerr, 62 Pa., 353 ; 1 Am. Rep., 431 ; Ryan vs. New York Central R. R., 35 N. Y. 210.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover damages for the burning of the plaintiff's fencing and meadows by the carelessness of defendant's employees.

The petition is in the usual form, charging that the defendant was a corporation owning a railroad running near the plaintiff's farm, and that while defendant's locomotive and cars were being run past and near plaintiff's farm, by the carelessness of the defendant's servants and agents, having charge of said locomotive and cars, fire was permitted to escape therefrom, which set fire to plaintiff's fencing and meadow, by which he was damaged ; and he claimed judgment therefor.

The defendant's answer admits that it is incorporated, and that it operates and runs locomotives and cars on its road, &c., but denies the negligence of its servants, and all other material allegations in the petition.

The evidence given for the plaintiff on the trial tended to prove; that plaintiff owned a farm in Linn county, State of Missouri ; that defendant's railroad passes near said farm ; that at the place where the fire is charged to have taken place, there is a strip of land lying between the railroad and plaintiff's farm and fence, from eight to ten rods wide ; that this strip, at the time of the fire, was covered with dry grass ; that as the cars and locomotive of the defendant passed, at the time named, fire escaped therefrom, and set fire to this grass

and combustible matter on this strip of land opposite to the plaintiff's field; that the fire was started about twenty feet from the track of the road, and extended to plaintiff's field and meadow, and consumed his rails and hay, which were of the value of over one hundred dollars; that owing to the grass, and its dry condition at the time, though good efforts were made to stop the fire, it could not be stopped by plaintiff and others, until after it communicated with plaintiff's field and burned the same. After plaintiff had given evidence to prove the facts above stated, he closed his case; when the defendant moved the court to instruct the jury, " That admitting all the evidence adduced by the plaintiff to be true, the plaintiff has made no case, and they will find for the defendant." This instruction was given by the court, after which the plaintiff took a non-suit, with leave to move to set the same aside.

In proper time the plaintiff filed his motion to set aside the non-suit taken, and to grant the plaintiff a new trial, assigning as a reason therefor the action of the court in instructing the jury to find for the defendant. This motion being overruled, the plaintiff excepted, and appealed to this court.

The only question presented here is, whether the facts proven in the case, or the facts which the evidence tended to prove in this case, were sufficient to make a *prima facie* case in favor of the plaintiff. The counsel for the defendant insists, that it was necessary for the plaintiff to introduce some evidence of negligence on the part of the servants of the defendants, other than that the fire had escaped from their locomotive, which burned the plaintiff's fencing; that there must be some direct evidence tending to show negligence, in addition to the evidence that the fire had escaped from the locomotive of defendant, while it was passing near plaintiff's field. There is no doubt that the authorities are conflicting on this subject. In some courts it has been held, that evidence of actual negligence must be shown, while in other States it has been held, that negligence may be found by the jury from the fact, that the fire escaped from the locomotive that caused

the injury, and that it devolves on the defendant in such case, in order to rebut the presumption of negligence, to prove that it was using proper and safe locomotives and engines, and that its servants were conducting them in a proper and safe way. I think that the latter doctrine is the correct one. We may safely presume, that railroad companies are not running locomotives on their roads, the natural or probable effect of which would be to set fire to the farms of those who resided along the road, if they were carefully managed; from which the natural presumption would be, that when fire escaped and burned up the farms along the road, it proceeded from negligence. If it should be held otherwise, it would amount to a denial of justice to those who were injured by such fires. It would be in most cases wholly impossible for the farmer who was injured to be able to tell how the servants of the company were conducting the business, and they would be in most cases wholly ignorant by what witnesses the facts of negligence could be proved. These are facts that would be peculiarly within the knowledge of the defendant and its servants. In such cases the *onus* should devolve on the defendant to prove how it, and its servants, were conducting its business, at the time the fire escaped. The question is now, I consider, well settled in this State. In Smith vs. The Han. & St. Jo. R. R. Co., 37 Mo., 287, it was held in a case very similar to the one now being considered, that there must be evidence of negligence produced by the plaintiff before he can recover, in addition to the evidence of the escape of the fire, and the injury occasioned thereby. The same question has however been before this court, in two cases subsequent to the case of Smith vs. The Han. & St. Jo. R. R. Co., in both of which it was held, that the fact, that the fire, which caused the injury sued for, was set by, or escaped from, a railroad engine, would be *primâ facie* evidence of negligence on the part of those who ran it, or who provided the engine, and that the burden would be thrown on the defendant in such case to exonerate itself by showing the want of negligence. (Bedford vs. The Han. & St. Jo. R. R. Co., 46 Mo., 456; Fitch

vs. The Pacific R. R. Co., 45 Mo., 322.) It is believed, that the current of American authorities is to the same effect.

The next point made by the respondent to sustain the action of the court which tried the cause in instructing the jury to find for the defendant is; that the damages proved are too remote; that there was no direct connection between the fire emitted from the engine, and the burning of the plaintiff's fence and field ; that the cause of the injury is not immediate but remote. The general rule is, that every person is liable for the natural and usual consequences of his own acts, but not for the remote or unusual damages. It is sometimes difficult to fix the line between damages, that are the proximate or remote consequences of a wrongful act; hence the decisions on this subject are not always in harmony with each other; but in the case under consideration, there seems to me to be no difficulty. Here the fire escaped on to and upon a strip of ground some forty or fifty yards wide, which was covered over its entire surface with dry grass and combustible matter. It was a natural, and I might say, a necessary consequence, that the fire would extend to, and burn the plaintiff's fence. The evidence shows, that this result could not be prevented, although efforts were made to do so. The fire, by its natural extension, extended to, and burned plaintiff's fence. When the result of an unlawful act is a natural one, one that would ordinarily flow from the act done, it is not remote, but proximate. If on the contrary the damage complained of would not naturally or usually flow from the negligent act, but was brought about by some sudden storm, or other unforeseen casualty, then the damages would be too remote. But where the fire, as in this case, would necessarily extend to plaintiff's field and burn his fence, the damages are sufficiently proximate, and are the natural result of the negligent act, if negligence should be found by the jury ; and if there was any doubt as to whether the loss to the plaintiff was the direct or natural result of the negligent act, that fact should have been submitted to the jury under proper instructions. (Miller vs. Martin, 16 Mo., 508 ; Toledo R. R.

vs. Pindar, 53 Ill., 447; Perley vs. Eastern R. R., 98 Mass., 414; Kellogg vs. The Chicago & N. W. R. R., 26 Wis., 223; and cases there cited.) The cases of Pennsylvania Railroad vs. Kerr, 62 Pa., 353, and Ryan vs. New York Central R. R., 35 N. Y. 210, relied on by respondent, must be considered as extreme cases, depending upon the peculiar facts surrounding them, and are not sufficient to overturn the authority or reason of the cases above referred to.

. Judges Napton and Wagner absent. The other Judges concurring, the judgment is reversed and the cause remanded.