## The Toledo, Wabash, and Western Railway Company
### *v.* Wand.

Railroad.—*Injury by Fire.*—*Evidence.*—In an action against a railroad company, where the complaint charges that the defendant, while running its loco- motive and train of cars adjoining the plaintiff's premises, negligently set fire to said premises from sparks and coals of fire from said engine, and burned certain rails, etc., it is competent for the plaintiff to prove, as tend- ing to show negligence, that the sides of the railroad track at the point of the fire had dry rubbish, logs, and grass thereon.

Same.—Under such complaint it is not necessary for the plaintiff to show that his premises were first ignited; it is sufficient if combustible material on the railroad track was first ignited, the natural tendency of which was to conduct the fire to the adjoining premises of the plaintiff.

Same.—A locomotive may be properly equipped with spark-arresters, and yet have other defects by which it may set fire to adjoining premises, or it may be operated with reasonable care and diligence in reference to the road itself, and yet run among combustible rubbish and thus communi- cate fire to the adjoining premises.

Same.—*Instruction to Jury.*—In a suit against a railroad company for neg- ligently setting fire to fences, etc., adjoining the track, by sparks or fire from a locomotive, it is not error to instruct the jury that the railroad company must use their property so as not to injure others, and if such precaution is used it will not be liable; and, to use such precaution, the railroad company must provide proper spark-arresters, the best of such as are approved by use, and take such reasonable precautions with the track as will tend to prevent such injuries.

From the Warren Circuit Court.

*W. Z. Stuart,* for appellant.

*J. McCabe,* for appellee.

Biddle, J.—Suit commenced before a justice of the peace, on three causes of action.

In the first, the appellee avers that the appellant, in June, 1869, by her agents and employees, were running a locomotive and train of cars through Warren county, Indiana, and adjoining appellee's premises, negligently and carelessly set on fire the said premises from sparks and coals of fire escaping from said engine, and that said fire consumed and destroyed four hundred rails in the fence on said premises, and two acres of pasture, of the value of twenty-five dollars, etc.

The second cause is similar to the first, for setting fire to and destroying six hundred rails, in August, 1869, of the value of thirty-five dollars.

And the third, for destroying in like manner three hundred rails, in June, 1871, of the value of twenty-five dollars, by so. carelessly and negligently running their locomotive.

Judgment for the appellee before the justice; appeal to the Warren Circuit Court, in which a jury trial was had, resulting in a verdict for the appellee. Motion for a new trial overruled. Exceptions, and appeal to this court.

During the trial, the appellee offered to prove by competent witnesses, that the sides of the railway track at Wand's farm had dry rubbish, logs, and grass thereon. To this evidence the appellant objected, because it did not support the allegation of the complaint, which alleged that the fire was directly communicated to the plaintiff's property by sparks and coals, etc. The objection was overruled, and proper exceptions taken.

There was no error in this. If the appellant ran her locomotive amidst combustible material, easily ignited, which lay adjoining to the appellee's premises, it tended to show negligence and carelessness. It was not necessary on the part of the appellee to show that his premises were first set on fire. If the appellant carelessly and negligently ignited inflammable substances on the railroad track, the natural tendency of which was to conduct the fire to the premises of the appellee lying adjacent thereto, the fact would tend to establish the case against the appellant. And we think the causes of action sufficiently stated the case to admit this evidence. The com-

plaint informed the appellant of the charge, and put her upon notice to defend against all her acts which tended to prove her negligence and carelessness, as stated in the complaint. This is sufficient before a justice of the peace. *The White Water Valley R. R. Co.* v. *Quick,* 30 Ind. 384.

The appellant asked the court to instruct the jury as follows:

" 5. But the railway company is not liable for injuries to the property of others by fire emitted from its engines, if properly equipped with spark-arresters, and operated with reasonable care and diligence.

" 11. To entitle the plaintiff to recover in this case, you must be satisfied from the evidence that the fire which caused the plaintiff's injury caught by the sparks emitted by the locomotive, through the negligence of the defendant in failing, for example, to have the locomotive equipped with a proper and approved spark-arrester, or some such negligent act or omission.

" 13. If, therefore, the plaintiff has suffered injury from the defendant, by the legitimate use of fire and steam, under such precautions as to spark-arresters as are in approved general use on the railroads, there is what is called *damnum absque injuria*—an injury without a remedy."

These instructions were refused by the court, and the appellant took her exceptions.

There was no error in refusing instruction 5. A railroad might be " properly equipped with spark-arresters," and yet have other defects by which it communicated fire to the appellee's premises; it might be " operated with reasonable care and diligence," in reference to the road itself, yet run among combustible materials, and thus set fire to the appellee's premises.

Instruction 11 is plausibly worded, but it contains a lurking error in confining the negligence to " the sparks emitted by the locomotive, through the negligence of the defendant in failing " to equip her locomotive " with a proper and approved spark-arrester, or some such negligent act or omission."

Any other negligence in running the locomotive and train by which the fire was communicated to the appellee's premises might have been equally injurious to his property. The instruction was therefore rightly refused.

Instruction 13 is erroneous for the same reasons stated above, only the error it contains is more palpable than it appears in 11.

It was also virtually decided by the ruling above, on the question of admitting evidence, and need not be further noticed.

The court, of its own motion, gave the following instructions, to which the appellant excepted:

" 1. It is the duty of railroad companies to use their property so as not to injure the property of others. If they use such precaution, they are not liable for injuries of the kind complained of. To use such precautions, they must provide proper spark-arresters, the best of such as are approved by use, and they must also take such reasonable precautions with their track as would tend to prevent such injuries. It is for you to say, under the evidence, whether these precautions have been used. If you find they have been, you will find for the defendant; if not, you will find for the plaintiff.

" 2. If you find that the fire mentioned in the third paragraph of the complaint was caused by the defendant's locomotive, which caught first within the plaintiff's field, then there is no question under that paragraph as to the condition of grass and rubbish on the defendant's track; and the only question under that paragraph is as to the precautions used by the company as to the arrest of sparks; and if they have not been negligent in that particular, the plaintiff cannot recover for the injury complained of in that paragraph."

We can perceive no error in these instructions. They are fully supported, in our opinion, by the following authorities: *Bass* v. *Chicago, Burlington & Quincy R. R. Co.*, 28 Ill. 9; *St. Louis, Alton & Terre Haute R. R. Co.* v. *Gilham*, 39 Ill. 456; *Bedford* v. *Hannibal & St. Joseph R. R. Co.*, 46 Mo. 456; *Kellogg* v. *The Chicago, etc., R. W. Co.*, 26 Wis. 223; *Flynn* v.

*San Francisco & San Jose R. R. Co.*, 40 Cal. 14; and *Bedell* v. *The Long Island R. R. Co.*, 44 N. Y. 367.

The appellant claims a reversal on the weight of evidence. We have examined it carefully, and are of opinion that it fairly sustains the verdict.

The judgment is affirmed.

Petition for a rehearing overruled.