JACKSON v. THE CHICAGO & N. W. R. R. Co.

Railroad: LIABILITY FOR DAMAGES FROM FIRE: NEGLIGENCE. A railroad company is liable for damages resulting from fire, communicated by cinders emitted from an engine operated on its road, in consequence of the negligence of its servants, or a defect in the engine, or want of the best contrivances in use for the prevention or spread of fire.

*Appeal from Story District Court.*

SATURDAY, JANUARY 28.

ACTION to recover damage resulting from fire upon plaintiff's land, caused by the alleged negligence of defendant's servants and the careless and improper construction of an engine used upon defendant's road. Verdict and judgment for plaintiff; defendant appeals.

*Withrow & Wright* and *Henderson & Merriman* for the appellant.

*J. S. Frazier* for the appellee.

BECK, J. — The errors assigned in this case relate to instructions to the jury, given and refused, and the order of the court overruling a motion for a new trial, based upon the ground that the verdict is contrary to the law as given to the jury, and not supported by the evidence.

The questions presented for our determination relate to the liability of defendant for the negligent and careless acts of its servants and the unskillful construction of an engine used by it, whereby fire was communicated to plaintiff's premises. The petition expressly charges that the damage, for which recovery is sought, resulted from carelessness in operating an engine used upon defendant's road and from its unskillful and defective construction.

That a railroad corporation is liable on account of acts done in a negligent, careless or unskillful manner by its servants, in the prosecution of its business, whereby fire is communicated to the property of another, resulting in loss, cannot be doubted. And it is equally well settled that they are liable in such cases for the want of ordinary care and prudence exercised by their servants. The care exercised by a party whose act results in loss to another in order to relieve him from liability depends upon the character of the act done, the nature of the elements or instruments used, and all the surrounding circumstances. It is evident that one using a dangerous instrument, body or element will be held to greater care and prudence than another using those of less destructive character. What would be negligence in handling a loaded gun would not be carelessness in the use of a walking stick. Gunpowder or nitro-glycerine handled with no more care than an ordinarily prudent and cautious man exercises over harmless agents would be the most criminal negligence. Fire being a destructive element, persons using it are required to exercise all reasonably careful and prudent precautions against its spread. This rule applies in all cases where it may be used, without regard to the purpose of its use,

and is held to extend to those operating railroad locomotives.

What will amount to negligence in such cases is a question for the jury. *Huyett* v. *Philadelphia & Reading R. R. Co.*, 23 Penn. St. 373; *Fields* v. *N. Y. Central R. R. Co.*, 32 N. Y. 339.

The care and prudence required by the law to prevent the spread of fire from a locomotive is not deemed to be exercised unless some proper precautions are used for that purpose. *Lack. & Blooms. R. R. Co.* v. *Doak et al.*, 52 Penn. St. 379. Ordinary care and prudence require the use of the best contrivances known, and unless such are used, it will be considered negligence. One who fails to use the best means within his reach to prevent the destruction of property does not exercise the care of a man of common prudence. An ordinarily prudent man, in such a case, will resort to all expedients known to him to be efficient. The rule is not only just and necessary in its application to railroad corporations, for the preservation of property, but will stimulate discoveries of contrivances and the making of experiments, with a view to ascertain means that will most nearly remove all liability to fires communicated by railway locomotives. It thus tends to the direct benefit of railroad corporations, as well as of those whose property is exposed to destruction by their locomotives.

The instruction given by the court accords with the views above expressed; those refused are in conflict therewith.

Defendant insists that the verdict is not supported by the evidence. As we have seen, the question of negligence is one for the jury. There was evidence tending to establish negligence. It was shown that sparks and coals of unusual size were thrown out of the smoke-stack of the locomotive. They were of twice or thrice the size of those usually observed, and the jury were authorized to conclude, from the evidence, that if the engine had been in proper repair, or proper contrivances were attached to it, such coals

of fire could not have been emitted. There is no dispute that the fire originated from the coals so thrown out by the engine. The evidence introduced by plaintiff, in our opinion, fairly makes out a *prima facie* case of negligence on account of defect in the engine, carelessness of those operating it, or want of proper attachments to prevent the spread of fire. The evidence for defendant fails to show that the engine was provided with such attachments, or that proper care was used in running it.

The judgment of the district court is

Affirmed.