### No. 2,351.

LAWRENCE FLYNN, Appellant, v. THE SAN FRANCISCO AND SAN JOSE RAILROAD COMPANY, Respondent.

UNAVOIDABLE ACCIDENT.—The ignition of combustible substance lying along the track of a railroad, by sparks dropped by a passing engine, is not an unavoidable accident.

CONTRIBUTARY NEGLIGENCE.—The rule releasing a defendant from responsibility for damages because of the negligence of the plaintiff, is limited to cases where the act or omission of the plaintiff is the proximate cause of the injury.

IDEM.—It is not negligence, in a legal sense, for a farmer to leave the grass and stubble standing on his pasture and grain field along the side of which, and separated therefrom by a fence, a railroad passes.

IDEM.—The negligence, which was the proximate cause of the injury, where a fire was communicated to an adjacent grain field by the falling of sparks from a passing engine, which ignited the dry grass and weeds lying along the track, was the leaving of the combustible matter upon the railroad where it was liable to be so set on fire.

APPEAL from the District Court of the Third District, Santa Clara County.

Action to recover damages for the destruction by fire of certain stacks of wheat and a quantity of wheat sacks belonging to plaintiff, through the "carelessness, negligence and unskillfulness of the defendants and their agents."

The Court below found that the estimated amount of wheat in the stacks burned was six hundred sacks, the value of which, in sacks, was fifteen hundred and twenty-four dollars.

Judgment was for defendant, and plaintiff appealed.

The other facts are stated in the opinion.

*D. M. Delmas*, for Appellant.

*First*—The plaintiff, in allowing the grass to remain in its natural state, in his field, along the line of the road, or the stubble around his wheat stacks, was not at fault; because this was making a legitimate, though, it may be, hazardous use of his property. (*Cook* v. *The Champlain &c. Co.* Denio, 91; Angell on Water Courses, p. 192, § 114; *Kerwhacker* v. *Cleveland &c. R. R. Co.* 3 Ohio, St. 193; *Wyatt* v. *Harrison*,

3 Bar. and Ad. 871; *Fero* v. *The Buffalo &c. R. R. Co.* 22 N. Y. 209; *Vaughn* v. *Taaff Vale &c.* 3 Hurlst. and N. 743.)

*Second*—In the use of his property, plaintiff was under no obligation to guard against the effects of possible acts of negligence on defendants' part; because the law authorized him to presume that the defendants would manage their business prudently and carefully. (*Newson* v. *The N. Y. &c.* 29 N. Y. 383; *Carroll* v. *The N. Y. and N. H. &c.* 1 Duer; *Harpel* v. *Curtis*, 1 E. D. Smith,78; *Reeves* v. *The Delaware &c.* 30 Penn. St.)

*Third*—Assuming, however, that the plaintiff was at fault, his negligence did not, in a legal sense, contribute to the injury. (*Richmond* v. *The Sacramento &c.* 18 Cal. 357; *Tuff* v. *Warman*, 5 C., B. N. S. 573; *Kerwhacker* v. *The Cleveland, &c.* 3 Ohio St. 172; *Davies* v. *Mann*, 10 M. and W. 545; *The C. C. &c.* v. *Elliott*, 4 Ohio St. 474; *Carroll* v. *The N. Y. and N. H. &c.* 1 Duer; *Kline* v. *The Central, &c.* 37 Cal.; *Needham* v. *The S. F. and S. J. &c.* 37 Cal.; *Clayard* v. *Dethick*, 12 C. B. 445.)

*Moore, Laine & Silent*, and *C. T. Ryland*, for Respondent.

The Court in this case placed its findings and decision upon the ground that both plaintiff and defendants were guilty of negligence, and that, as the plaintiffs' negligence contributed directly to the injury, he could not recover.

The findings fix it beyond the possibility of a doubt, that the Railroad Company used every care and precaution possible, to prevent the escape of fire or sparks from its locomotive. The law is, that where a railroad company, operating steam cars, use the most approved apparatus for preventing the escape of sparks or fire, they are not liable for an escape of the same. (18 Barb. 80; Redfield on Railways, vol. 1, pp. 454–5; 2 Railway Cases, 30 and 325.)

Up to this point, at least, the Company was free from negligence or blame. The escape of the sparks that ignited the fire was unavoidable accident, and not culpable negligence. The only negligence that can be attributed to the Company, was that of allowing the combustible material, mentioned

in the findings, to remain on their road. This, we submit, was not culpable negligence. The material was the natural growth of the soil, over which their road passed. It was not such material as endangered the operation of their road; and they were not required by any statute to keep their roadway clear of dry grass or weeds. True, extreme caution might have directed them to do so, in order to protect the surrounding country. But this is doubtful, as they were furnished with the most approved ash-pans, fire-boxes, spark-arresters, &c., and the escape of sparks was not probable under such circumstances.

Again: if they should fire their road-bed, to clear it of this dry grass, it would greatly endanger the surrounding fields; and it was much easier for the adjoining farmer to plow some furrows along side of the railroad fence, so as to protect his grass and grain, which he did not do, but allowed his dry grass and dry stubble to grow full up to the railroad fences; nor did he ever plow or burn around his stacks of grain, but left them exposed.

It is a well settled doctrine of law, that one who is injured by the *mere negligence* of another cannot recover, at law or in equity, any compensation for his injury, if he, by his own negligence, contributed to produce the injury of which he complains; so that without his concurring and co-operating fault, the injury would not have happened. (Sherman and Redfield on Negligence, p. 23, § 25; 25 Ind. 197; 28 Ind. 288; 34 Cal. 163.

No one exercising ordinary prudence and care, would have left the dry grass and stubble growing up to the very line of the railroad, over which he knew would pass several times per day an engine, bearing fire, and emitting sparks, and then stack large quantities of grain in this same grass and stubble, without adopting any of the common methods of protecting the same—clear no space, run no furrows, or anything of the kind. This was negligence on the part of the farmer. Negligence consists in the omitting to do something that a reasonable man would do, or in doing something that a reasonable man would not do. (Hillard on Torts, vol., p., 131, and note.)

Plaintiff was doubly negligent. No prudent man would have neglected to have back-fired, cleared off a space, or plowed some furrows, to protect his pasture and grain; nor would a prudent man have stacked his grain in such a field, or in so exposed a position. (Sherman and Redfield on Negligence, p. 29, § 29.)

In order to bar the plaintiff of his recovery; in the case of negligence, it is not necessary that he should have been in any degree the cause of the act by which he was injured. It is sufficient, if the injury complained of might have been avoided by his exercise of ordinary care. The question is not whether the plaintiff's negligence caused the injury, but whether it contributed to it, contributory negligence being enough. (Sherman and Redfield on Negligence p. 34, § 34 and authorities there cited; Id. p. 38, § 37. Id. p. 382, § 335. *Ohio and Miss. R. R. Co.* v. *Shanifelt,* 18 Ohio, *Smith* v. *Hannibal and St. Jo. R. R. Co.* 37 Mo. 287.)

Appellant, in reply, contended:

It is not enough that the plaintiff, in leaving his land uncleared was negligent, nor that his neglect in that behalf was one without which the injury could not have happened. There must be something more. It must also appear that that negligence has immediately or proximately contributed to the injury. (*Kline* v. *Central Pacific R. R. Co.* 37 Cal. 400.)

Every injury is composed of two elements—one active, the other passive. The immediate cause of every injury is an act—mere passiveness produces nothing. Where the act is, therefore, there is the cause of the injury. If the act is negligent, he who is the author of it must bear the blame; for he is the author of the injury. From this principle there could be no difficulty in deducing two rules in cases of contributory negligence.

*First*—If the immediate act which produces the injury is the act of the plaintiff, he shall not recover, though the previous neglect of the defendant have produced a state of

things without which the injury could not have happened. ( *Butterfield* v. *Forrester,* 11 East, 60. )

*Second*—On the other hand, if the immediate act which produced the injury was the act of the defendant, the plaintiff shall recover, though the defendant's act became injurious only because of the existence of a state of things due to plaintiff's neglect: (*Wright* v. *Brown,* 4 Ind. 98; *Tuff* v. *Warman,* 5 C. B. n. s. 573; *Kerwhacker* v. *The Cleveland &c.* 3 Ohio, 172; *Davis* v. *Mann,* 10 M. and W. 545; *The C. C. &c.* v. *Elliott,* 4 Ohio, 474; *Carroll* v. *N. Y. & N. H. &c.* 1 Duer ; *Richmond* v. *The Sacramento &c.* 18 Cal. 357; *Clayards* v. *Dethick,* 12 C. B. 45.

Even if it be assumed that the plaintiff was at fault, his negligence did not, in any legal sense, proximately contribute to the result; but the proximate cause of the injury, was defendant's negligence in running its train upon the road in an improper condition.

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and SPRAGUE, J., concurring:

The plaintiff was in possession of a tract of land, one portion of which was cultivated in wheat, and another portion was used for pasturage. At the time of the injury complained of, the wheat was in stacks, on the ground where it was harvested, and the stubble on that land and the grass on the pasture land were very dry. "There were no furrows or cleared space inside the fence or around the wheat stacks." The defendant's railroad ran along the side of the plaintiff's land. The grass and weeds along the railroad had been cut and left on the ground, and had become very combustible. The defendant's engines were provided with the best and most approved apparatus for preventing the escape of sparks, but, as a construction train passed along the plaintiff's land, the engine dropped sparks, which ignited the grass and weeds along the track, and a high wind swept the fire through the fence, over the pasture land and stubble-field, to the grain stacks, and the stacks were entirely consumed by the fire.

The Court held that, "although the defendant was at fault in the condition of its road, the plaintiff himself was at fault in failing to take ordinary precautions to prevent fire, which might unavoidably break out, from spreading to his wheat stacks. And, as this neglect of the plaintiff contributed to the injury complained of, as much as the negligence of the defendant in omitting to clear its road of the weeds and grass which had been cut upon it, no recovery can be had."

No one is required to take any precautions against unavoidable or inevitable accidents, for the precautions which could not avert the injury would be futile. Nor is the ignition of combustible material lying on the track of a railroad, by sparks dropped by a passing engine, unavoidable accident. The removal of the combustible matter from the road, is an obvious and sure precaution.

We had occasion in *Needham* v. *San Francisco and San Jose Railroad Company* (37 Cal. 409), and in *Kline* v. *Central Pacific Railroad Company* (Id. 400), to consider the subject of contributory negligence, and we held that the rule releasing the defendant from responsibility for damages, because of the negligence of the plaintiff, was limited to cases where the act or omission of the plaintiff was the proximate cause of the injury. The negligence in this case, which was the proximate cause of the destruction of the plaintiff's grain, was the leaving of the dry grass and weeds upon the railroad, where it was liable to be set on fire by sparks falling from passing engines. It was not negligence in a legal sense, for the plaintiff to leave the grass and stubble standing on his pasture and grain field. He was not required to destroy or remove either, in order to obviate the consequences of the possible or even probable negligence of the defendant.

Judgment reversed and cause remanded, with directions to render judgment for the plaintiff for $1,524.

CROCKETT, J., expressed no opinion.