## H. & T. C. R. R. Co. v. A. J. McDonough.

(No. 223, Tex. L. J., vol. 1, p. 168.)

Appeal from Collin County.   Opinion by Ector, P. J.

§ 651. *Jurisdiction; trespass.* The court did not err in sustaining plaintiff's exceptions to defendant's plea to the jurisdiction of the court. Collin county being the place where the trespass, if any, was committed, the suit was properly brought there.

§ 652. *Damage by fire emitted from railroad engine; negligence.* "When a railroad company is chartered with a right to propel its trains by steam engines, the company is liable only in case, in using its engines, it fails in the diligence good specialists in this department are accustomed to exercise. The legislature says: 'This is an essential industry; you are authorized to engage in it, and as it is necessary that your engines be driven by fire and steam, you are authorized to use fire and steam in your engines.' Such being the case, the mere fact of a company emitting sparks from its engines is not negligence, unless it is proved that the sparks were negligently emitted. When the legislature has sanctioned and authorized the use of a particular thing, and it is used for the purpose for which it was authorized, and every precaution has been observed to prevent the injury, the sanction of the legislature carries with it this consequence: that if the damage results from the use of such thing, independently of negligence, the party using it is not responsible." [Whart. on Negligence, § 869; Flynn v. San Francisco R. R. Co. 40 Cal. 14; Rood v. R. R. Co. 18 Barb. 80; Phil. & Read. R. Co. v. Yeiser, 8 Penn. St. 366; Frankford T. P. Co. v. R. R. Co. 54 Penn. St. 345; Jefferis v. P. W. & B. R. R. 3 Houston, 447; Balt. & S. R. R. v. Woodruff, 4 Md. 242; Burroughs v. Housatonic R. R. 15 Conn. 124; 2 Am. R. R. Cases, 30; Shelden v. R. R. Co. 14 N. Y. 218; Vaughan v. Taff Vala R. Co. 5 H. & N. 679; Rex v. Pease, 4 B. & Ad. 30; Hammersmith

& C. R. Co. v. Brand, L. R. 4 H. L. 171, 201–2; Cracknell
v. Mayor and Corp. of Thetford, L. R. 4 C. P. 629.]

§ 653. *Burden of proof of negligence in construction
of engine.* "Burden is on the plaintiff to prove negli-
gence in construction and management of engine. Un-
doubtedly there are cases (some under local statutes) to
the effect that when the plaintiff shows that his property
caught from the fire from defendant's engine, the burden
is on the defendant to disprove negligence. This is no
doubt the law as to unchartered companies. When, how-
ever, a company is chartered, and thereby lawfully uses
fire in its engines, the true doctrine is that it rests on the
plaintiff suing it, for fire communicated from its engines,
to show negligence in the company." [Whart. on Neg.
§ 870.] No English case goes to this extent, and there
is no such weight of American authority in support to
leave the doctrine enunciated by Mr. Wharton free from
doubt. Mr. Redfield says: "In the English courts, it
seems to have been settled, as early as the year 1846, upon
great consideration, that the fact of the premises being
fired by sparks emitted from a passing engine is *prima
facie* evidence of negligence on the part of the company,
rendering it incumbent upon them to show that some
precautions had been adopted by them reasonably calcu-
lated to prevent such accidents. [Piggot v. Eastern
Counties 'R. R. Co. 54 E. C. L. R. 229.] In an earlier
case, when the facts were reported by the judge at *nisi
prius,* for the opinion of the full court, that a stack of
beans near the track of the railway was fired and con-
sumed, by sparks from the company's engine, of the
ordinary construction, and used in the ordinary mode, the
court said the facts reported did not show necessarily
either negligence or no negligence. That was a question
for the jury." [Aldridge v. Great Western R. R. Co.
852; Redfield on Negligence, § 125.] The same author
adds: "The subject has been a great deal discussed in
more recent English cases. [Vaughan v. Taff Vala Rail-
way, 3 H. & N. 679.] In this suit it was held by Bram-

well, B., at the jury trial, and his views seem to be sustained by the court of exchequer, that the mere fact of the company using fire as a means of locomotion, from which occasional fires will be communicated, even with the utmost care to prevent it, made them responsible for damages caused thereby. But in the exchequer the judges seem to have been agreed that the legislature having legalized this mode of locomotion, it could not subject the company, while pursuing a legal business in a legal mode, for damages thereby caused to others, unless through some degree of neglect. If the company resort to all known precautions against fire, they are not liable." [Redfield on Neg. (3d ed.) p. 454, sec. 4.]

The supreme court of Wisconsin say: "The question whether negligence as to the construction and management of a locomotive is to be implied from the mere fact of fire having escaped from it, by which property is destroyed, so as to cast the burden upon the company of showing that it was properly constructed and properly managed, is one with respect to which there seems to be a clear and decided conflict of authorities. The rule of the English courts, and of many of the American states, is that the burden of making this proof rests upon the company, when property is thus shown to have been destroyed. [Aldridge v. Great Western Railway Co. 3 Man. & Gr. 515 (42 E. C. L. R. 272); Piggot v. Eastern Counties Railway Co. 3 Man. & Gr. & Scott, 229 (54 E. C. L. R. 228); Gibson v. The South Eastern Railway Co. 1 Foster & Fin. 23; Ellis v. Ports. & Ral. R. R. Co. 2 Ired. L. 138; Herring v. Will. & Bal. R. R. Co. 10 Ired. 402; Huyett v. Phil. & Read. R. R. Co. 23 Pa. St. 373; Hull v. Sacramento Valley R. R. Co. 14 Cal. 387; Bass v. Chicago, Burl. & Quincy R. R. Co. 28 Ill. 16; Ill. Cent. R. R. Co. v. Mills, 42 Ill. 407; Cleveland v. Grand Trunk R. R. 42 Vermont, 449; Balt. & Susquehanna R. R. Co. v. Woodruff, 4 Md. 242.] The reasons of this rule are well stated, among others, in the case of the Illinois Central v. Mills. The law upon this subject is

that the companies, in the construction of their engines, are bound not only to employ all due care and skill for the prevention of mischief to the property of others by the emission of sparks or any other cause, but they are also bound to avail themselves of all the discoveries which science has put within reach for that purpose, provided they are such as, under the circumstances, it is reasonable to require the companies to adopt. [Dimmock v. North Staff. R. R. Co. 4 Foster & Fin. 1063.] The reasons given for requiring the companies to show that this duty has been performed on their part are, that the agents and employees of the road know, or are at least bound to know, that the engine is properly equipped to prevent fire from escaping, and they know whether any mechanical contrivances were employed for that purpose, and if so, what was their character; whilst on the other hand, persons not connected with the road, and who only see trains passing at a high rate of speed, have no such means of information, and the same is inaccessible to and cannot be obtained by them without great trouble and expense, then often only as a favor from the company, which, under the circumstances, the company would be very likely to withhold.    These considerations seem to this court to afford very clear and satisfactory grounds in support of the rule, and inasmuch as this court has sanctioned the principle, if not the very rule itself, in cases of this kind [Galpin v. The Chicago & Northwestern Railway Co. 19 Wis. 608, 609], we are inclined not to depart from such principle, or to refuse our consent to the rule as held by the cases above referred to." Spaulding v. Chicago & Northwestern R. R. Co. 30 Wis. 110.    This rule is sanctioned in Missouri.    In Fitch v. The Pacific R. R. Co. 45 Mo. 326, it is said: "The jury, in order to charge the defendant, must find affirmatively that the fire escaped from the smoke stacks of its engines, through the negligence of its servants or agents.    [Smith v. Hannibal & St. Joe R. R. Co. 37 Mo. 287.] The burning, the damage, the escape of the fire, and the negligence,

are all facts to be charged and proved. But they must be proved like all other facts, by such evidence as shall satisfy a reasonable mind of their existence. It is sometimes said that the negligence is presumed from the escape of the fire. [Ill. Cent. R. R. Co. v. Mills, 42 Ill. 407.] But whilst this can hardly be called a presumption, as the term is generally used, it may be a fair and reasonable inference. The language used by Judge Holmes, in Smith v. Hannibal & St. Joe R. R. Co. 37 Mo. 295, is very strong and liable to be misconstrued, unless compared with the case and the rest of the opinion. If the plaintiff was required to prove affirmatively and specifically the condition of the particular smoke stack from which the fire escaped; if he were bound to show the specific negligence that permitted its escape, it would be equivalent to denying him relief altogether. The farmer, along whose field the train flies, from the nature of the case can know nothing about these things. He cannot know the engine, nor can he tell the contrivance needed, used or neglected. All that he can, in most cases, show, is that the fire escaped and destroyed his property. It is an inference of reason that fire should not so escape. Where as dangerous, as well as useful, an instrument of locomotion as a steam locomotive is used, its managers are bound to a care and precaution commensurate with the danger." [See, also, Jackson v. The Chicago & N. W. R. R. Co. 31 Iowa, 176.]

The authorities in opposition to this rule are numerous and by most respectable tribunals, but this court cannot follow them. Railroad companies have the right to run steam engines on their roads, but they have no right to scatter fire along their track; and when it is found that this is done, and the property of others destroyed, with no explanation of the cause, the jury is warranted in inferring that there has been some neglect.

§ 654. *Contributory negligence.* Negligence in the plaintiff contributing to the loss is a defense to the action under the statute the same as to an action at common

law. [8 Allen, 440; 6 id. 187.] The leaving of the grass and stubble in plaintiff's field was not the proximate cause of the loss, and was not shown by the evidence in this case to be such contributory negligence as will excuse that of the defendant. Persons occupying farms along the railroad may cultivate and use them in the manner customary among farmers, and may recover for damages by fire resulting from the negligence of the railroad company, although they have not plowed up the stubble or taken other like unusual means to guard against such negligence. It was not negligence in "legal sense for the plaintiff to leave the grass and stubble standing in his field or fence corners. He was not required to remove or destroy either in order to avoid the consequences of the possible or even probable negligence of the defendant. We do not believe that the owners of land adjoining railways are bound to keep their land clear from dry grass and weeds, under penalty of being chargeable with negligence." [Martin v. W. A. R. R. Co. 23 Wis. 437; Flynn v. S. F. & S. J. R. R. 40 Cal. 14.]

§ 655. *Proximate and remote causes of injury.* It is claimed for error that the court refused the fifth instruction asked by defendant as follows: "5. If you believe from the evidence that the fire was communicated to Carlton's fence, and from thence to plaintiff's fence and hedge, then defendant is not responsible for the damage sustained by plaintiff, and you will find for the defendant." It is insisted by defendant's counsel that the act complained of is too remote, and was not the immediate result of the fire from defendant's engine. With all due respect we must say that it seems to us that the case of The Penn. Railway Co. v. Kerr, 62 Pa. St. 353, and the case of Ryan v. The New York Central Railway Co. 35 N. Y., do not draw the proper line of distinction between what is "proximate" and what is "remote." We agree with the supreme court of Wisconsin in Kellogg v. The Chicago & Northwestern R. R. Co. 26 Wis. 271, as to what is said as to the true rule in such cases. The true

rule, as we find and believe it to be, is not that the injury sustained must be the necessary and unavoidable result of the wrongful act, but it shall be the natural and probable consequence of it, or one likely to ensue from it. "Negligence may, however, be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence occurred with some other cause other than the plaintiff's fault to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are clearly connected with the injury in the order of events, the defendant is responsible even though his negligent act was not the nearest cause in order of time. Strictly defined, an act is the proximate cause of an event, when, in the natural order of things, and under the particular circumstances surrounding it, such an act would necessarily produce that event. But the practical construction of 'proximate cause' by the courts is a cause from which a man of ordinary experience and sagacity would foresee that the result might probably ensue." [Shearman & Redfield on Negligence, § 10, p. 10.] If plaintiff's witnesses are to be believed, and it appears the jury believed them, the negligence of defendant was the "proximate cause" of the injury complained of by the plaintiff.

January 12, 1878.                    Affirmed.