ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. R. A. ROSS.

Decided May 8, 1909.

**1.—Railway—Negligence—Fire Set out by Engine—Charge.**

Proof of injury to plaintiff by fire escaping from a locomotive engine of a railway company establishes a prima facie case of negligence on the part of the latter, entitling plaintiff to recover unless rebutted, and the court may so instruct the jury.

**2.—Same.**

Evidence held sufficient to warrant the conclusion that the property of plaintiff was destroyed by fire caused from sparks emitted through the negligence of the defendant's servants in operating a train along its railway track, which entitled the plaintiff to recover for the loss he sustained.

**3.—Charge—Repetition.**

A special charge is properly refused when the substance thereof is contained and fully covered in the charges given.

**4.—Argument—Reading Authorities.**

Reading authorities to the court in the hearing of the jury, is a matter of practice largely confided to the discretion of the trial court; and unless an abuse of such discretion is shown, it will not be revised.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*E. B. Perkins, D. Upthegrove* and *Templeton, Crosby & Dinsmore,* for appellant.

*B. Q. Evans* and *Carden, Starling & Carden,* for appellee.

RAINEY, CHIEF JUSTICE.—This suit was instituted by the appellee against appellant to recover damages for the negligence of defendant in permitting sparks of fire to escape from one of its locomotive engines, which sparks set fire to and destroyed appellee's two-story residence and contents, also his ·fences, garden, shrubbery, fruit trees, etc. Plaintiff alleged in effect that defendant's engine was not

equipped with the best approved spark arrester, and that by reason thereof fire was communicated to his dwelling, etc., and caused their destruction.

The Mercantile Fire & Marine Insurance Company intervened, claiming it had insured said property against fire, and by the terms of its policy it was subrogated to the rights of plaintiff, and that it had paid plaintiff the amount of said policy, to wit, $825. This plea was subsequently dismissed by said insurance company, and plaintiff plead that for a valuable consideration the insurance company had assigned its rights under said policy to him.

The defendant plead the general issue, and that its engine was equipped with the most approved spark arrester, which was in good repair, and that said engine was operated in a careful and prudent manner. A trial resulted in a. verdict and judgment in favor of plaintiff for $1,818.75, from which this appeal is prosecuted. The effect of appellant's first assignment of error is that the judgment is not supported by the evidence. The testimony of Mrs. Harper, which is corroborated, gives sufficiently the details of the occurrence, and we adopt the substance thereof as our conclusions of fact, to wit: That she was at plaintiff's house the day it burned, sitting in a south door of the dining room next to the railroad at the time it caught fire. The house sits east and west, fronting east on Cottage Street; south boundary line of lot being on the right of way of defendant, and defendant's road runs nearly east and west. The house was located about 100 feet north from the railroad. She saw an engine drawing a freight train on defendant's railroad pass her father's premises May 27, 1905, and was going west about 3:30 or 4 o'clock in the evening; it seemed to be loaded, was pulling hard, puffing and making a lot of noise. She was drawing water at the cistern when the train passed. Wind was blowing a brisk breeze at the time from southeast, and smoke, cinders and sparks were coming from the engine, escaping from the engine, at the time it was passing plaintiff's premises. They were being carried by the wind in a northwesterly direction towards plaintiff's residence. She noticed cinders and sparks at the time this engine was passing escaping from engine, and they fell on the cistern and the floor about her and in the water she had drawn from the cistern that was sitting in a bucket on the cistern. The sparks and cinders were hot and some of them fell in the water and made the usual sizzling noise. The fire occurred about five minutes after the engine passed the residence. The fire alarm was given in about five minutes afterwards. She heard persons on the outside of the house halloaing as soon as she heard the alarm. She ran out on the porch south of the dining room and into the yard, noticed smoke and fire in the roof about two and a half or three feet southeast of the chimney; fire was burning in the roof. Was acquainted with the engine that pulled that train. Had seen it passing the premises often, going in both directions both day and night prior to May 27, 1905, and knew it by its number and the peculiarity of the noise of its whistle; had frequently observed sparks and cinders escaping from said engine; when an ordinary wind was blowing they would go from 100 to 150 feet from the right of way, and would be about the size of a buckshot or pea, some larger and some smaller,

and the size of the cinders and sparks which fell into the water on that cistern and on the floor about her, would average about the size of an ordinary buckshot or pea. The only reason she gave for saying that the fire caught where it did is that the upper story of building was ceiled all on the interior. There was no smoke or fire coming out of the dormer window, but smoke and fire was coming from the top of the roof. She heard this engine whistle on this day, and knew it was the same engine she had frequently heard whistle at the same time and place. It was further shown that no fire had been lighted in that part of the house that day.

The evidence was sufficient to warrant the conclusion that the dwelling, etc., were destroyed by a fire caused from sparks negligently emitted through the negligence of appellant's servants in operating a train along appellant's railway track, which entitled appellee to recover for the loss he sustained.

The second error presented is that the court erred in its second paragraph of the charge, which reads as follows: " 'If you find and believe from the preponderance of the evidence in this case that hot cinders or sparks of fire, or both, escaped from the defendant's engine and set fire to plaintiff's house and other property, as alleged by him in his petition, and such property was destroyed or consumed, then such facts constitute a *prima facie* case of negligence on the part of the defendant, and in the absence of rebutting evidence such *prima facie* case of negligence will render the defendant liable for the injury, if any, occasioned thereby.' It was error to give the said charge, because the same is not a correct statement of the law, and does not correctly apply the law to the facts of the case and is not applicable to the case made by the pleadings and evidence, and is on the weight of evidence, and is confusing and misleading, and authorizes a recovery by the plaintiff upon a state of facts which does not entitle him to such recovery. Especially was it error to give such charge after the defendant had introduced rebutting evidence on all the points and issues on which it was required by law to introduce such rebutting evidence. And especially was it error to give such charge because the same was misleading, in that the same did not instruct the jury as to what points or issues the defendant was required to introduce rebutting evidence." This assignment is submitted as a proposition together with the following additional proposition: "The defendant having introduced rebutting evidence on all the points and issues on which it was required by law to introduce rebutting evidence, the charge complained of was on the weight of evidence, and was confusing and misleading."

The charge here complained of is almost identical with one certified by the Court of Civil Appeals of the Fourth District to the Supreme Court in the case of Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Texas, 591, wherein Mr. Justice Brown, speaking for the court, used this language: "It is well settled in this State that in cases of this character proof by the plaintiff that the injury complained of was caused from fire set out by sparks from a railroad locomotive while it was being operated upon the road, constitutes a *prima facie* case and, if not rebutted, entitles the plaintiff to recover. It was not error for the court to state to the jury that such facts, if proved, entitle the

plaintiff to recover unless rebutted by defendant. The charge in this case did not shift the burden of proof from the plaintiff to the defendant, as is claimed, but, as in every other case where a *prima facie* right is established, it called upon the defendant to meet the case made in order to defeat ,the plaintiff's right of recovery.

"As a general rule of practice it is not permissible for the court to instruct the jury that the proof of certain facts will establish the fact of negligence upon which the action may be maintained, but in this class of actions a different rule has been established by the decisions of the Supreme Court in this State, and the charge before copied is not subject to the objection that it is upon the weight of the evidence. International & G. N. Ry. v. Timmermann, 61 Texas, 660; Ryan v. Missouri, K. & T. Ry., 65 Texas, 13; Missouri Pac. Ry. v. Bartlett, 69 Texas, 79; Gulf, C. & S. F. Ry. v. Benson, 69 Texas, 407; Galveston, H. & S. A. Ry. v. Horne, 69 Texas, 643; Campbell, Receiver, v. Goodwin, 87 Texas, 273; Texas & Pac. Ry. Co. v. Levine, 87 Texas, 437; Houston & T. C. Ry. v. McDonough, 1 White & W., 354."

The foregoing quotation from the opinion in Railway v. Johnson, *supra,* is a complete answer to the contention of appellant, and also fully applies to the third and fourth assignments of error presented by appellant. We therefore hold the assignments not well founded.

The fifth assignment complains of the action of the court in refusing a special charge requested, as follows: " 'If you should find from the evidence that the plaintiff has made out a *prima facie* case by showing that his house was fired by sparks that escaped from defendant's engine, as explained in the main charge, then you are instructed that, while it devolves upon the defendant to rebut such *prima facie* case by showing that the engine in question was equipped with proper appliances for preventing the escape of fire, and that the same were in good repair, and that the engine was properly handled with respect to the escape of fire, as is also explained in the main charge, the defendant is not required to make out its case in rebuttal by a preponderance of the evidence. The burden of proof is on the plaintiff on these issues, and unless the evidence preponderates thereon in his favor then you should find for the defendant, even though you should find that the house was fired by sparks from the engine.' It was error to refuse said charge because the same correctly states the law and is applicable to the case made by the pleadings and evidence, and was on issues raised by the pleadings and evidence, and was not embraced in the other charges given by the court." This assignment is submitted as a proposition, together with the following additional proposition: "In cases like this, when the plaintiff makes out a *prima facie* case by showing that his property was fired by sparks from defendant's engine, it devolves upon the defendant to rebut such *prima facie* case by introducing proof tending to show no negligence with respect to the equipment and handling of the engine, but the burden of proof does not shift from the plaintiff to the defendant and always remains with the plaintiff, and the evidence on these issues must preponderate in favor of the plaintiff; and the court erred in refusing to so instruct the jury."

Several charges embodying the substance here under consideration were requested by appellant and given by the court, and if it could be said that the main charge was not sufficiently full on this point, when taken as a whole, including the special charges given, the court's charge fully covered the matter complained of and appellant has no basis for just complaint.

The sixth and seventh assignments of error complain of the action of the court in allowing counsel for plaintiff, in arguing the case to the court, to read the facts from reported cases similar to this case, and to allow said attorneys to read an excerpt therefrom and comment thereon. The bill of exception shows, in addition to reading said cases to the court, that one of plaintiff's counsel read from the said opinion the following excerpt, to wit: " 'The evidence was sufficient to establish that the fire was set out by sparks emitted from the engine of appellant, and the fact that it started about 68 feet from the track warranted the jury in finding that either the appliance used for arresting sparks was not of the most approved kind, or that the same was not in good order or repair, or that the engine was not carefully and skilfully handled at the time.' And thereafter, while one of the plaintiff's attorneys was making the closing argument for plaintiff, he, in the course of the said argument, stated and said to the jury: 'It had been held in this State, and Mr. Mitchell read it to you, that when sparks had gone 68 feet from the track, a finding that something was wrong in the spark arrester, or that it was out of repair, or that the engine was not properly handled, was justified.' The defendant, at the time said statement was made to the jury, objected to the making of the same on the ground that the same was not a proper argument, and was calculated to improperly influence the jury to the injury of defendant, and to impress the jury with the idea that the appellate courts of this State had decided and held that where it was shown that sparks had set fire to property more than 68 feet from the track, the jury should find that there was something wrong with the spark arrester, or that the engine was not properly handled, and that the plaintiff was therefore entitled to recover, and the defendant at the time of the making of the said statement by the said counsel excepted thereto on the said grounds. The court took no action on the said objections and exceptions, and did not in any way interfere with the said counsel in the making of the said statement and argument, and did not give any instructions whatever to the jury in regard thereto. The defendant, at the time of the reading of the said excerpt from the said opinion and the overruling of its objections thereto by the court, duly excepted to the said ruling of the court and to the action of the said counsel in so reading the said opinion, and the defendant at the time of the making of the said statement and argument by plaintiff's attorney to the jury excepted thereto and to the action of the court in permitting the said argument to be made, and in not instructing the jury to disregard the same, and now here tenders this, its bill of exceptions, and asks that the same be approved and filed as a part of the record herein."

To the bill the court appended the following: "This bill was presented to me on June 22, 1908, and is approved with this explana-

tion: Counsel was addressing the court and trying to enforce the point that you could establish a defect or negligence concerning such appliances by circumstantial evidence, and the authorities were being read to the court in support of this proposition and no motion or request was made to have the jury sent out while the authorities were being read."

Some of our decisions have held as improper the indiscriminate reading of fact cases and commenting thereon in the presence of the jury, especially in personal injury cases where the amount of the verdict and the language used were calculated to inflame and prejudice the minds of the jurors. In other cases, where it was not probable the reading of cases would produce such an effect, it has been held that it was in the discretion of the court to permit such practice, and unless there was an abuse of such discretion it would not be grounds for reversal. In Missouri, K. & T. Ry. v. Smith, 101 S. W., 453, in passing upon this question the court held. "that it is somewhat a matter of discretion with the trial court as to whether it will permit authorities to be read. While the excerpt from the authority mentioned could be repeated by counsel as a matter of argument, still we doubt the propriety of the action of the court in permitting it to be read from a book as a part of the argument."

In Gulf, C. & S. F. Ry. v. Bell, 24 Texas Civ. App., 579, the court says: "We find no merit in the assignment of error objecting to the reading to the court in the presence of the jury of the reported case of Railway v. Brown."

In Western U. Tel. Co. v. Wingate, 6 Texas Civ. App., 394, the court say: "Reading authorities to the court, in the hearing of the jury, is a matter of practice largely confided to the discretion of the trial court; and unless an abuse of such discretion is shown it will not be revised."

While we are not prepared to approve the conduct of the attorney complained of, yet we think, considering the facts of the case, that the jury were not improperly influenced to the prejudice of appellant, or that the trial court abused its discretion.

There is no error in the charge of the court as to the transfer of the insurance, nor as to the measure of damages as complained of. The charge was a fair and full presentation of the issues involved and the judgment is supported by the evidence. The judgment is affirmed.

*Affirmed.*

Writ of error refused.