## MISSOURI, K. & T. RY. CO. OF TEXAS v. MURRAY.

(Court of Civil Appeals of Texas. Dallas. June 8, 1912. Rehearing Denied Oct. 12, 1912.)

1. EVIDENCE (§ 543*)—QUALIFICATION OF EXPERT.

Where a witness qualified as an expert on the cash market value of property, a building on which was destroyed by fire, the fact that the cost and utility of the premises was also considered by him when testifying would not affect his qualification to testify, since such considerations entered into the fixing of the value of the property.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

2. DAMAGES (§ 174*)—EVIDENCE—VALUE.

In an action for the value of a house destroyed by fire, it was proper to show the value of the land separate from the house as bearing on the value of the house.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec. Dig. § 174.*]

3. DAMAGES (§ 217*)—INSTRUCTIONS—MEASURE—"MARKET VALUE"—"CASH VALUE."

In an action for the destruction of a house by fire from a railroad engine, the court instructed that, as to the dwelling house, plaintiff's measure of damages was the "reasonable cash value" of the dwelling when destroyed, and the measure of damages for destruction of the household goods was the "reasonable value" of said goods at the time of the destruction. Held, that the instruction was not erroneous for using the words "cash value" instead of "market cash value"; "market value" being the cash value for which an article will sell for in cash on the market, and reasonable "cash value" being equivalent to reasonable "market cash value."

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 556–559; Dec. Dig. § 217.*

For other definitions, see Words and Phrases, vol. 1, pp. 998, 999; vol. 8, p. 7597; vol. 5, pp. 4383–4388; vol. 8, p. 7717.]

4. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.

Even if the instruction involved technical error, it could not have misled the jury, there being no conflict of evidence as to value, and was harmless to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

5. JUDGMENT (§ 668*)—RES JUDICATA—PARTIES CONCLUDED.

An insurance company, which had issued a policy on property destroyed by fire from a railroad engine, being a party to the action against the railroad company by the owner, was concluded by judgment as to any claim it might have against the company by reason of any agreement with the owner.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1181–1183, 1188; Dec. Dig. § 668.*]

6. RAILROADS (§ 481*) — FIRES — ADMISSION OF EVIDENCE.

In an action by the owner against a railroad company for destruction of property by fire, the admission in evidence of an agreement between the company insuring the property and the owner, by which the owner was to sue at his own expense, and giving the insurance company half the recovery, did not affect the judgment against the railroad company: it not being a party to the contract between the insurance company and the owner.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by N. C. Murray against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Sherrill, Mulkey & Hamilton, of Greenville, for appellee.

RAINEY, C. J. Appellee brought this suit to recover of appellant the sum of $4,757.50, the value of appellee's house and household goods destroyed by fire, which was caused by the negligence of appellant in allowing sparks to escape from its locomotive engine. Appellant answered by general demurrer, general denial, and specially that its engine was equipped with the best approved spark arresters, which were in good repair; that the locomotive was properly operated and inspected. Further, that appellee's property was insured against loss by fire in the sum of $2,500 in the Springfield Fire Insurance Company; that $2,000 of said insurance had been paid; that by the terms of said policy of insurance said insurance company was subrogated to any right appellee had for destruction of said porperty from fire caused by negligence, and in consequence thereof the cause of action was vested in said company, and prayed that it be made a party that its rights might be adjudicated. Said insurance company appeared and pleaded payment of said sum to appellee, that its interest was merely equitable, that appellant was not a party to said insurance contract, and adopted appellee's pleas, and asked that appellee have judgment on said claim. Appellant answered this plea by general denial, and specially, proper equipment and care in operation, etc. After the trial had begun, the insurance company filed the following plea: "Now comes the Springfield Fire & Marine

---

Insurance Company, defendant herein, and files this, its first amended answer under leave of the court, and disclaims any right to recover of the defendant, Missouri, Kansas & Texas Railway Company of Texas, but says that the plaintiff is entitled to recover any and all interest which this defendant might or may have in this suit. Wherefore, this defendant prays that it go hence without day and recover its costs." Appellant excepted to this plea, which was overruled, and the insurance company took no further part in the trial. A trial was had with the aid of a jury, which resulted in a verdict and judgment for $2,500 in favor of appellee, from which this appeal is taken.

Appellee's dwelling in which he and his family resided was situated near appellant's right of way some 155 feet from the nearest railroad track. About 2:30 a. m. a strong wind was blowing across the track in the direction of the appellee's house, which blew sparks of fire emitted from a passing engine into and set fire to and burned said house and its contents; the value of said house and contents being more than $2,500, the amount of the verdict and judgment. There was no direct evidence that the house was set on fire by sparks escaping from the engine, but the circumstances shown fully authorized the jury to conclude that the house was so set on fire.

Appellant's first, second, and third assignments complain of the court's action in refusing to exclude the testimony of appellee as to the value of the house burned. On direct examination he testified that he knew the cash market value of the premises, which was $3,000. On cross-examination he stated that he had in mind the cost and utility of the said premises, and that these were the two things which he had most prominently in mind and under consideration when he made the answer. The motion to exclude was, in effect, that he failed to qualify to answer the question and that he fixed his valuation from improper considerations. Appellee also testified, in effect, that the land on which the house was situated was of the value of $187.50, and house $2,800. This was objected to because the house was a fixture, and it was incompetent to establish the measure of damages by proving by the witness his opinion of the value of the house independent of the lot.

[1] The witness qualified as to the cash market value of the premises, and that the cost and utility of the premises entered into consideration when testifying we do not think affected his qualification to testify, as such consideration entered into the fixing of values.

[2] Appellee was suing for the value of a house destroyed, and it was proper to show the value of land separate from the house to arrive at a just value of the house. There was no evidence, except appellee's, as to the value of the house introduced on the trial of the case, and we are of the opinion that there was no error in its consideration by the jury.

[3] The court charged on the measure of damages as follows: "If you find for the plaintiff, the measure of his damages will be as follows: As to the dwelling house in which plaintiff was residing at the time of the fire, the measure of his damages will be the reasonable cash value of said dwelling at the time of its destruction; as to the other property contained in the itemized statement attached to the petition, the measure of his damages will be the reasonable value of said goods at the time of their destruction, if they were destroyed." The objection urged to this charge is: "The legal measure of damages for the destruction of the house is its reasonable cash market value at the time of the destruction, and not its reasonable cash value; and the measure of damages for the loss of the household goods was, under the evidence of this case, their cash market value at the time of their destruction, and not their reasonable cash value." We see no error in the charge, as the expression reasonable "cash value" is equivalent to reasonable "market cash value." "Market value" is the cash value or what an article will sell for in cash on the market. Ins. Co. v. Simmons, 12 Tex. Civ. App. 607, 35 S. W. 722.

[4] The jury could not have been misled by the charge, there being no conflicting evidence as to the value of the property destroyed, so if it be conceded, which is not done, that the charge was technical error, it was harmless.

Complaint is made to the action of the trial court in permitting plaintiff to introduce in evidence an instrument, which was an agreement between plaintiff and the insurance company to the effect that the plaintiff in the suit should prosecute the suit at his own expense, and providing that the insurance company should have half the proceeds of the suit up to $2,800, but in no event more than $1,400, and that the plaintiff, Murray, should have the balance, and providing that N. C. Murray, the plaintiff, should hold in trust for the insurance company its part, under the agreement, of any recovery in the suit. It was shown that this agreement was entered into after the trial began. The objections to this instrument were that "the instrument was immaterial and irrelevant, there being no pleadings to support it; and because the plaintiff in his pleadings asserted no rights under the agreement and raises no issue about the division of the proceeds of the suit; and because any interest that plaintiff might have by reason of said agreement was an interest acquired after the trial of the case had begun; and because the said instrument and agreement contradicts the disclaimer filed by the insurance company, and at the same time shows that the in-

surance company had and asserted an interest in the subject-matter of the suit."

[5] Several assignments relating to this agreement are presented by appellant; but we will simply say that appellant made the insurance company a party, and the judgment herein is res adjudicata as to the insurance company and settles all claim it might have against appellant by reason of said insurance agreement.

[6] Further, appellant was not a party to the insurance policy, it being a contract strictly between the insurance company and appellee; therefore the introduction of said agreement did not affect the judgment rendered. Railway Co. v. Levi, 59 Tex. 674; Railway Co. v. Keahy, 37 Tex. Civ. App. 330, 83 S. W. 1102.

There are several assignments attacking the charge of the court which we think not well taken. The charge followed the rule announced in Railway Co. v. Johnson, 92 Tex. 591, 50 S. W. 563, and Railway Co. v. Ross, 55 Tex. Civ. App. 622, 119 S. W. 725, and we think fully protected the appellant's rights.

We have considered all the assignments presented not specially mentioned in this opinion, none of which show material error.

The evidence shows that appellee was entitled to recover, and the judgment is affirmed.