Judge Ryland
delivered the opinion of the court.
The errors assigned in this case are as follows :
u 1st. The court of common pleas admitted illegal and incompetent evidence to be given to the jury by said appellees, notwithstanding the same was duly objected to by said appellant.
2d. The said court refused to give to the jury instructions prayed by the appellant, when by the law of the land said instructions ought to have been given by said court to the jury.
3d. The said court gave to said jury instructions which were illegal, and ought by the law of the land to have been refused.
4th. The said court overruled said defendant’s motion for a new trial herein, whereas by the law of the land the same ought to have been sustained.
5th. The said court rendered judgment in the case for said appellees, whereas by the law of the land judgment ought to have been rendered for the appellant.”
From the statement of the facts in this case, and from the errors assigned', it becomes necessary to look into the evidence as it appears from the record to have been given to the jury.
The main objection to the deposition of William Crawford, Jr., as appears from the record, consists in the leading character of the questions put to the witness by the plaintiffs.
*525 This deposition was taken in the city of New Orleans, and from it I find the defendant was present by his counsel, cross-examined the witness and made- objections, but not in regard to the mode of asking the questions. No objection appears to have been made at the time of taking the deposition to the manner in which any question was put— some of these questions are what we call “leading questions, ” but I am not disposed to find fault with the court of common pleas in its action in overruling the exceptions taken by appellant to these questions. From a careful examination of the deposition, I have no doubt that justice required leading questions to be suffered to be asked this witness. He is obviously an unwilling witness, and the officer before whom his deposition was taken would have acted properly in suffering leading questions to be put to this witness, and overruling objections to that effect, if any had been made. None were however made at the time. It is too late to except to these questions on the trial; and this court so decided in the case of Glasgow vs. Ridge & Allen, 11 Mo. Rep. p. 34. In the case of Sheeler vs. Speer, 3d Birney’s Rep. 130,1 find this point decided in the same way by the supreme court of Pennsylvania. In the case in; Birney, the deposition contained the following questions : 1st. Did you not hear Mr. Sheeler say that he did not care the devil had the furnace, if he had his money, but that he was afraid he would never get his money ? Ans.—Yes I did. Did you not hear Mr. Sheeler say, that in a few days, Mr. Speer would be broke up, and they were all working for nothing? Ans.—Yes, I did. ” To this deposition the defendant’s counsel objected, on the trial in the court below, because the questions were leading ; the court permitted the deposition to be read, and signed a bill of exceptions, and this point came up in the supreme court. Chief justice Tilghman says : “The objection to the first interrogatory is, that it is a leading one. I do not think the question was properly put; but the defendant should have objected to it at the time; he was present and cross-examined the witness. If it had been objected to, it might have been waived—it was too late to make the objection at the trial.” In Woodman vs. Coolbroth, reported in 7th Greenleaf Reports 181, the same doctrine is held: “ when and under what circumstances a leading question may be put, is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error. ” Greenl. cv. sec. 435. Leading questions are permitted to be asked on a direct examination, where the witness is interested to defeat the party calling him, or manifests a disposition to evade questions, or appears reluctant and unwilling to give evidence. There is nothing, *526 then, in my opinion, wrong in the court below so far as respects the deposition of the witness, Crawford, taken in New Orleans.
To support his action, the plaintiff, to show the determination of the suit in his favor against McNulty, Shaw and Mitchell, and also the determination of the interpleader of said suit by Crawford and Carson claiming the attached property, in his favor; to do this, the record of the suit against McNulty, Shaw and Mitchell in favor of plaintiff, as also the record of the interpleader; that is, the record of the attachment suit and interpleader was not only competent evidence, but was indispensible evidence, The liability of the defendant depended upon the result of the issue made on the interpleader ; and “ thus the determination of the controversy became a part of the plaintiff’s title,” and in such cases the record is clearly competent evidence. 1 Greenl. ev. secs. 527, 538, 539; Lane adm’r. vs. Clark adm’r. 1 Mo. Rep, 657 (old edition.)
I find no error in the court below in suffering the bill of discovery to be read as it was done in this suit. It was not offered, nor was it received as any evidence, but was merely read as introductory to the answer, and was so declared at the time by the plaintiff’s counsel, as appears from the bill of exceptions in this case. The bill and answer-may be considered nothing more than the examination of the party as a witness. The bill of petition may be regarded as a mode of prepondering interrogatories, and is as pertinent and proper to be read as an interrogatory in a deposition—in neither case is any statement or suggestion of a fact evidence, but in both cases they are read merely as introductory to the answer.
The original account of the value of the lead admitted to be in the hand writing of Wm. Crawford, to whom the lead was sent by the defendant, might well be admitted. From Crawford’s deposition it appears that there was an account of the sale of the lead showed to him, and by him stated to be correct. The bill of exceptions shews this to be the original account of the sale of said lead, in the hand writing of Wm. Crawford Jr., admitted indeed to be his hand writing. I see nothing wrong therefore in suffering it to be read to the jury. Indeed, I consider Wm. Crawford Jr., so far as the sale of this lead is concerned, as the agent of the defendant in this case. I have now disposed oí the error first assigned, which relates to the incompetency and illegality of the evidence admitted by the court on the trial of this case below. I shall now consider the second and third errors assigned, which involve the correctness of the court in refusing the instructions *527 prayed for by the defendant, and also in giving the instruction upon its motion, as appears from the bill of exceptions. The defendant’s instructions appear in the statement of the case as above. As to the first instruction, the court committed no error in refusing it, because in this action it is no wise material to whom the lead belonged. The contract between plaintiffs and defendant does not make it a condition precedent that the lead attached should be the property of McNulty, Shaw and Mitchell; but the liability of the defendant attached on the final determination of the issue on the interpleader. It was therefore not necessary for the plaintiff to aver that the lead was the property of the defendants in the attachment suit, nor was he bound to prove the lead to be theirs. The only fact on which the defendant Walsh’s liability depended, was averred and was proved, namely, the determination of the interpleader against Crawford and Carson.
I will notice the 5th and 6th instructions next. I consider the record of the attachment suit evidence that the lead was attached—evidence of a high character. The return of the sheriff is part of the record—. and this court has decided that mesne process, and the sheriff’s return thereon, do constitute a part of the record, and that error may be assigned in them. 1 Mo. Rep. 336 (old edition) Cabeen vs. Douglass ; Ibid 534 Harrison, Green and Delany vs. the State. There is no error therefore in refusing these instructions.
I will now notice the 3d and 4th instructions. There is no averment in the first count of a demand of the nett proceeds of the sale of the lead, nor in the second count of other lead in substitution of that attached. I do not consider it necessary that any special request should have been averred in either count; and if such be averred, I do not consider it necessary , in this case, to prove such request, neither from the contract nor the manner of declaring thereon. No error therefore in refusing these instructions.
I do not consider that there was any necessity for the plaintiff to aver notice to defendant of the termination of the interpleader; and should there be such an averment in his declaration, I look upon it as mere surplusage, and not requiring proof 1st Ohitty’s plead. 232; 1st Saunders on plead, and ev. 130, 131, 132; 1st Chitty’s pies. 320. Nor was it necessary that the plaintiff should aver that defendant had notice of the nett proceeds of the sale of the lead—and if such averment be made, I consider it merely as surplusage, and need not be proved. Under this view of the case, then, there was no error committed in re *528 fusing the 2d and 7th instructions; which disposes of all that were asked for by defendant.
It now remains for me to consider the instruction for the plaintiff, which the court gave of its own accord. This instruction simply informs the jury, that should they believe from the evidence, that the plaintiff has proved all the material facts of his case, stating them in the order in which they are averred in his declaration, he should have a verdict. I find no fault in the instruction, nor had the defendant any cause to complain of it. There is nothing, then, in the errors assigned, calling for the action of this court to reverse. I find no error in the refusal of the court to grant a new trial, or in giving the judgment for the plaintiff, upon the verdict of the jury. My brother judges concurring in this opinion, the judgment of the court of common pleas is affirmed.