PATTON v. THE ST. LOUIS & SAN FRANCISCO RAILWAY
COMPANY, *Appellant.*

1. **Evidence** : DEPOSITION: FORM OF QUESTION : OBJECTION : PRACTICE.
Objection cannot be made on the trial to the reading of a deposi-
tion, merely because the questions are leading, when no such objec-
tion was made at the time of taking the deposition, where the
evidence itself is competent. The competency and relevancy men-
tioned in Revised Statutes, section 2159, relate only to the substance
of the evidence, and not to the form of the questions.

2. **Railroads** : NEGLIGENCE: ESCAPE OF FIRE : EVIDENCE. In an action
against a railroad company for negligently suffering its right of
way to become covered with dry grass, etc., and negligently per-
mitting fire to escape from one of its passing locomotives, which
fire was communicated to plaintiff's premises, and his property
thereby destroyed, after plaintiff has offered evidence tending to
support the allegations of the petition, it is permissible for the de-
fendant to offer testimony going to show that the engineer and fire-
man were competent and careful, and that the locomotive was of a
new and approved make, was supplied with a good spark arrester,
and had been properly inspected.

3. ——: ——: ——: ——. Where there is no dispute as to the
identity of the locomotive from which fire escaped and was commu-e
nicated to plaintiff's premises, it is competent to show that the sam
locomotive, on the same trip, and about the same time and place,
set out other fires in its passage, as raising an inference of some
weight that there was something unsuitable in its construction or
management.

4. **Pleading** : PETITION. Where plaintiff sues for damages for the
destruction by fire of wheat and oats unthreshed and in the stack,
and corn upon the stalk, the petition covers not only the grain, but
the straw and stalks.

5. **Railroad** : DAMAGES BY FIRE : CONTRIBUTORY NEGLIGENCE. It is no
defence to an action for damages against a railroad company for neg-
ligently permitting fire to escape from its locomotive and destroy
plaintiff's crops, that the natural growth of grass and stubble was
allowed to remain on plaintiff's field, and especially is this so when
there is no evidence going to show that this is out of the usual
course of husbandry.

*Appeal from Dade Circuit Court.*—HON. C. G. BURTON, Judge.

REVERSED.

*John O' Day* for appellant.

(1) "A petition stating, without any specification of facts, that plaintiff was injured in consequence of. the negligence of the railroad company in using defective machinery, and in running and managing its railway and cars, would be fatally defective, and when such allegations are used in connection with a specific statement of a cause of action, they do not enable the plaintiff to recover on any cause of action except that specifically stated." *Waldhier v. H. & St. Jo. Ry. Co.*, 71 Mo. 514. "The statement in question does not contain an averment of a single fact, but only states a conclusion of law, and is insufficient as a statement of a cause of action." *Butts v. Phelps*, 79 Mo. 302. "It is merely a conclusion of law; it is not a statement of any fact at all." *Rosenberg v. Boyd*, 14 Mo. App. 429. "Under a general allegation of negligence, the plaintiff cannot recover in this action, for this gives the defendant no notice of facts, and is only a conclusion." *Leduke v. Railroad*, 4 Mo. App. 485; *Lee v. Mfg. Co.*, 6 Mo. App. 578; *Harrison v. Ry. Co.*, 74 Mo. 364. (2) The issue made by the pleading was solely whether the defendant was guilty of negligence in allowing its right of way to become covered with dry grass and other combustible matter, and the court's instructions should have been confined to this. *Ely v. St. L., K. C. & N. Railroad*, 77 Mo. 34; *Buffington v. Railroad*, 64 Mo. 246; *Eden v. H. & St. Jo. Ry. Co.*, 72 Mo. 212; *Bell v. H. & St. Jo. Ry. Co.*, 72 Mo. 50; *Price v. H. & St. Jo. Ry. Co.*, 72 Mo. 416; *Waldhier v. H. & St. Jo. Ry. Co.*, 71 Mo. 514; *Kenney v. H. & St.*

*Jo. Ry. Co.*, 70 Mo. 252; *Carson v. Cummings*, 69 Mo. 325; *Bank v. Murdock*, 62 Mo. 70; *Weil v. Greene Co.*, 69 Mo. 281. (3) The court's instructions were erroneously mere abstractions. *Goodwin v. Ry. Co.*, 75 Mo. 73; *Young v. Ry. Co.*, 79 Mo. 341; *Zimmermann v. Ry. Co.*, 71 Mo. 490. (4) The objection to the leading character of the questions in the depositions came too late at the trial. *Glasgow v. Ridgely*, 11 Mo. 40; *Walsh v. Agnew*, 12 Mo. 525; *Sheeler v. Speer*, 3 Binney, 130. (5) The court should not have permitted plaintiff to introduce evidence of other fires occurring in the neighborhood of the railway the same day as that on which the plaintiff's wheat was destroyed by fire, without some evidence that such fires were occasioned by the particular engine in controversy. 1 Redfield on Railways (3 Ed.) 455; *Baltimore & Susquehanna Railroad v. Woodruff*, 4 Md. 242; *Cole v. H. & St. Jo. Ry. Co.*, 60 Mo. 233; *Lester v. K. C., St. Jo. & C. B. Ry. Co.*, 60 Mo. 265. (6) Plaintiff could only recover such damages as were averred in his petition, and the admission of evidence tending to prove damages other than those alleged in his petition, was error. *State ex rel. v. Roberts*, 62 Mo. 388; *Graves v. Severens*, 40 Vt. 636; *Gilbert v. Kennedy*, 22 Mich. 117. (7) Whether plaintiff's failure to protect his stacks and other property was contributory negligence, should have been submitted to the jury by instructions. *Carson v. Ry. Co.*, 7 A. & E. Railway Cases, 501; *Linzee v. Railroad*, 29 Minn. 411; *Ry. Co. v. Brady*, 17 Kas. 380; *Kessee v. Ry. Co.*, 45 Wis. 222; 6 Allen, 87; 48 Ill. 501; 78 Pa. St. 295; *Coates v. Ry. Co.*, 61 Mo. 38; *Brown v. Ry. Co.*, 37 Mo. 297; 25 Kas. 420. (8) The instruction of the court that the plaintiff is entitled to recover upon proof that the fire was communicated from the engine directly to plaintiff's premises, is not warranted by the allegations of the petition. *Ry. Co. v. Morgan*, 72 Ill. 155. "A party cannot make one case by his pleadings, and another by his proof." *Tracey v. Rogers*, 69 Ill.

662; *Ry. Co. v. Nichie*, 83 Ill. 427. (9) Where the property destroyed is situated on the lands of the owner, distant from the right of way, a complaint which alleges that the fire was negligently set on the defendant's right of way, but does not allege that it was negligently permitted to escape from the right of way, is fatally defective, and states no cause of action. *Pittsburg, Cincinnati & St. Louis Ry. Co. v. Hixon*, 79 Ind. 111; *Pittsburg, etc., Ry. Co, v. Culver*, 60 Ind. 469; *Higgins v. Dewey*, 107 Mass. 494; 13 A. & E. Railway Cases, 456, 458, and cases there cited.

*Goode & Cravens* for respondent.

(1) The petition not only states a good cause of action, but the proof was competent and relevant under its allegations. *Lynn v. C., R. I. & P. Ry. Co.*, 75 Mo. 167; *Schneider v. Mo. Pac. Ry. Co.*, 75 Mo. 295; *Meyer v. A. & P. Ry. Co.*, 64 Mo. 542; *Mack v. St. L., K. C. & N. Ry. Co.*, 77 Mo. 232; *Werner v. Citizens' Ry. Co.*, 81 Mo. 368. (2) There was no substantial error or injustice done the defendant in the exclusion of the parts of depositions complained of. The court will not reverse this case because the court below may technically have erred in excluding some parts of the depositions. *State ex rel. v. Edwards*, 78 Mo. 473; *Birney v. Sharp*, 78 Mo. 73. (3) The instructions given by the court taken together, presented the case fairly to the jury, and the judgment should be affirmed. *Henchen et al. v. O'Bannon*, 56 Mo. 289; *McKeon v. Citizens' Ry. Co.*, 43 Mo. 405; *Porter v. Harrison,* 52 Mo. 524; *Clements v. Maloney*, 55 Mo. 352. (4) It was not error to admit evidence of other fires set out by the same engine on the same trip and about the same time. (5) The evidence as to what property was destroyed, and the amount of plaintiff's damages was strictly confined to the allegations contained in the petition. (6) The instruction asked by the de-

fendant on the subject of contributory negligence on part of plaintiff was properly refused. Such is not the law. Any supposed negligence of the plaintiff in not plowing around his field or stacks prior to the escape of fire, would afford no excuse to defendant for the negligence in failing to keep its right of way clean, and in the subsequent negligent escape of fire. *Werner v. Citizens' Ry. Co.*, 81 Mo. 368; *Scoville v. H. & St. Jo. & B. B. Railroad*, 81 Mo. 434; *Karle v. K. C., St. Jo. & C. B. Railroad*, 55 Mo. 476.

BLACK, J.—In November, 1880, a fire started on the right of way of the defendant, and thence spread to plaintiff's stubble field, which adjoined the railroad, and thence continued to his cornfield, destroying his stacks or ricks of unthreshed wheat and oats, and ten or fifteen acres of corn on the stalk. For the damage thus done he sues the defendant, and alleges that through the negligence of defendant's servants it suffered the right of way to become covered with dry grass, etc., and negligently permitted fire to escape from one of its locomotives, by reason of all of which the property was destroyed.

1. After the plaintiff made proof tending to support the issues on his part, including evidence to the effect that the fire started from burning coals or cinders as large as a hen's egg, found on the track immediately after the locomotive in question passed, and that this locomotive threw out an unusual amount of sparks, the defendant offered to read several depositions. Much of the evidence in these depositions was excluded. The excluded testimony tended to show that the engineer and fireman were competent and careful persons, and that the locomotive was of a new and of an approved make, and was supplied with a good spark arrester, and had been inspected, etc. The objection made to the evidence was that the questions were leading, and that nearly all of them were leading

does not admit of a doubt, but the objection was not made at the time of taking the depositions, though plaintiff appeared and cross-examined the witnesses. The objection, coming as it did for the first time on trial, was too late. The competency and relevancy mentioned in section 2159, Revised Statutes, relates to the substance of the evidence, and not to the form of the questions. *Glasgow v. Ridgeley*, 11 Mo. 34; *Walsh v. Agnew*, 12 Mo. 525; *Fox v. Webster*, 46 Mo. 182. The evidence was both relevant and competent, for an inspection of the instructions will show that the case did not go to the jury solely on the ground of negligence in allowing the grass to accumulate on the right of way. Indeed, it was negligence, in consequence of which fire escaped from the engine, which constitutes the central feature of all of the instructions. We need scarcely add that the answer of Karney to the sixty-first question was hearsay, and, of course, properly excluded.

2. Several persons assisted in arresting the progress of the fire, and one of them stated that he noticed other fires along the line of the road just after he saw this one, and the plaintiff stated that he saw another fire east and one west along the road at the same time. Wade says as they went back to their work they saw fires east and west; the one west was at McKibbon's field, along the right of way, and was three-quarters of a mile off; the one east was a mile or more off, and was up in the wood; could see the smoke, but could not see the fire; could not say that it was on the right of way, but was in that direction. On cross-examination he says the one at McKibbon's field was on the right of way, that no trains other than the one in question passed while they were there. There was other evidence tending to show that one other train did pass while the persons before named were arresting the fire. All this evidence as to the other fires was admitted over the objections of defendant. There is no dispute in this case about the identity of the

locomotive which set the grass on fire communicated to plaintiff's farm, and the only question is, does this evidence tend to show that this engine was negligently equipped or managed. The evidence must be taken in connection with that before mentioned, and also with the evidence which tended to show that the train—a freight train—was going at the rate of thirty miles an hour, and that the engine threw out an unusual amount of sparks and cinders. It would certainly be competent to show that this engine on this trip, and about the same time set out other fires in its passage, as raising an inference of some weight that there was something unsuitable in its construction or management. In my opinion all of this evidence was competent, though the fire to the east was not located with entire accuracy, and I do not regard *Kenney v. Ry. Co.*, 70 Mo. 244, as opposed to this conclusion. The majority of the court are of the opinion that the evidence of the fire west, at McKibbon's field, was properly received, and a majority of the court, also, hold that the evidence of the fire east was not sufficiently definite as to the location, and should have been excluded.

3. The plaintiff sues for the wheat and oats unthreshed and in the stack, and corn on the stalk. The complaint that evidence was received of the value of the straw and stalks is not well taken. The petition covers not only the grain, but also the straw and stalks. If damages are still claimed for more acres of pasture than are described in the petition, it should be amended. The instructions given are in entire accord with a long line of cases in this state of the character of the one here in question, and need not be considered in detail.

4. The defendant asked, and the court refused to give the following instruction: "That if the jury find, from the evidence, that the plaintiff stacked his wheat and oats, and left his corn in a field through which the track and right of way of the defendant run and left his

stacks and corn surrounded by dry grass, weeds, stubble, and other combustible matter in time of drouth, which dry grass, weeds, stubble, and other combustible matter, extended from said stacks and corn to the right of way and track of defendant, and that plaintiff did not plow around his stacks of corn or burn the dry grass, weeds, stubble, or other combustible matter around the same, or take such other precaution to protect his property from fire, as a prudent man would ordinarily take to protect his property, similarly situated, from fire, and that leaving his property so exposed contributed directly to plaintiff's loss, he cannot recover."

On the one hand the evidence tended to show that the defendant's right of way had become foul with dry grass, cut and dry briars and brush, forming combustible matter up to the ends of the ties. There was a strip of blue grass four or five feet wide at the outer edge of the right of way where there had been a worm fence, but at the time of the fire the fence was of wire. On the other hand, plaintiff's field, to which the fire from the right of way first communicated, was a wheat stubble field, and in which fox tail and other grasses had grown up since harvest. The field had been pastured some with calves and sheep. The stacks of grain were not fenced, but were nearly a quarter of a mile from the railroad. Plaintiff had not plowed around the field, nor had he run furrows around the stacks. It is on this evidence the refused instruction was asked.

In *Smith v. Ry. Co.*, 37 Mo. 287, there was evidence tending to show that a windrow of dry grass and weeds had been blown up against some trees on the edge of plaintiff's land. It was said there that an instruction on contributory negligence might well have been given, and in the same connection it was also said: "But in this we would not be understood as saying that the plaintiff could be charged with negligence in not keeping down

grass in his orchard." In *Fitch v. Pacific Ry. Co.*, 45 Mo. 322, there was evidence to the effect that dead and dry grass, easily ignited, and of that year's growth was allowed to remain in the plaintiff's field, and it was held this was too remote to found a defence of contributory negligence upon, where the fire started by reason of negligence of defendant in suffering sparks and cinders to escape from the smoke stack. The doctrine of that case was approved in *Lester v. Ry. Co.*, 60 Mo. 269, as we understand that case, and was certainly, in terms, approved in *Coates v. M., K. & T. Ry. Co.*, 61 Mo. 38. In the last case plaintiff had suffered shavings to lie around his house, which was under construction and situated one hundred feet from the road and in a village. Under these circumstances it was held that the question of contributory negligence on the part of the plaintiff should have been submitted to the jury; even there it is said the main question grew out of other instructions.

I understand *Palmer v. Mo. Pac. Ry. Co.*, 76 Mo. 217, to be in the line of *Fitch v. Pacific Ry. Co.*, on the question now under consideration. Under the instructions given in the case at bar the jury must have found that defendant was guilty of negligence in permitting fire to escape from the engine. This being so, under the decisions before noted, it was no defence that the natural growth of grass and stubble were permitted to remain on the plaintiff's field, and especially is this so when there is not a particle of evidence going to show that this was out of the usual course of husbandry. The railroad has the power to acquire and condemn a right of way of a width more than sufficient for a mere road bed. It must have, and has, the right to use fire in the conduct of its business. It should use reasonable diligence to the end that its engines are supplied with good spark arresters, and prudently operated, and that the right of way is kept reasonably free from combustible matter. If

negligent in these respects it is liable to one damaged thereby who is guilty of no actual negligence in the use of his property contributing to the loss.

The use of farm land for the annual production of crops thereon and the usual incidents thereto is not negligence on the part of the owner. If there is no negligence on the part of the railroad, and still sparks do communicate to adjacent property, as is sometimes the case, then the adjacent owner has no remedy. He uses his property subject to such casualties. The rule, announced in *Fitch v. Pacific Ry. Co.*, has the support of the following authorities : *Flynn v. Ry. Co.*, 40 Cal. 14; *Vaughn v. Taff Vale Ry. Co.*, 3 Hurl. & Nor. 743; and 5 *Id.* 679; *Salmon v. Ry. Co.*, 38 N. J. L. 5; 39 N. J. L. 299. Farmers may cultivate and use their premises in a manner customary among farmers, and are not bound to use unusual means to guard against the negligence of the railroad company; they are not bound to expect the company will be guilty of negligence. *Philadelphia & Reading Ry. Co. v. Hendrickson*, 80 Pa. St. 182; Sherman and Red. on Neg. (3 Ed.) sec. 335. The court properly refused to give the instruction on contributory negligence. As to this, Sherwood, J., dissents, the other judges concur.

For the error in excluding and admitting evidence before noted the judgment is reversed and the cause remanded. The other judges concur, except as before stated.